## Liblong *versus* The Kansas Fire Insurance Co.

| 82 | 413 |
| 191 | 218 |

1. By the provisions of the Act of April 4th 1873, regulating the conduct of foreign insurance companies, service on these companies since the passage of that act must be made upon the agent designated by the company to receive service of process, at his office or place of business.

2. An agent sent out to solicit risks is not such an agent.

3. The sheriff's return in this case was not conclusive of the agency, for it set forth neither the character of the agent nor the place or office where service was made.

October 12th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county :* Of October and November Term 1876, No. 91.

This was an action of assumpsit, brought by W. N. Liblong against the Kansas Fire Insurance Company.

[Liblong *v*. Kansas Fire Ins. Co.]

The original summons in the case was issued July 9th 1875, to which the sheriff's return was " non est inventus."

On the 8th of December 1875 an alias summons issued, which was returned : " Served by delivering a true and attested copy of the within writ to Joseph P. Fisher, agent for Kansas Insurance Company, and by making known to him the contents thereof."

On December 24th 1875, on motion of defendants' counsel, a rule was granted on plaintiff to show cause why the service should not be set aside, which motion was supported by an affidavit of Charles Tredick, who averred therein that he was the attorney in fact of the defendant company and the only party in Pennsylvania authorized to accept service of writs issued against said company, and the only party in the state upon whom they could be legally served, and that the writ in this action had never been served upon him, nor had he accepted service of the same ; that the only authority Joseph P. Fisher had to transact business was derived from deponent, and was limited to effecting insurance and receiving premiums therefor under the direction of deponent, and that deponent's authority as agent is duly filed with the proper officer of the Commonwealth.

On March 1st 1876 the court, after argument, made the rule absolute, which was the error assigned in the case.

The only question involved was whether Joseph P. Fisher was an agent upon whom a service of the original writ would be legal and binding upon the company.

The provisions of the Act of April 4th 1873, under which it was alleged service must be made upon the company defendant, are set forth at length in the opinion of this court.

*Weir & Gibson*, for plaintiff in error.—The service was made under the 6th section of the Act of 8th April 1851, Pamph. L. 354, which is in the following words : " That in any case when any insurance company or other corporation shall have an agency, or transact any business in any county of this Commonwealth, it shall and may be lawful to institute and commence an action against such insurance company or other corporation in such county, and the original writ may be served upon the president, cashier, agent, chief or any other clerk, or upon any directors or agent of such company or corporation within such county, and such service shall be good and valid in law, to all intents and purposes :" 1 Purd. Dig. 287. Defendants are a foreign corporation doing business in Pennsylvania by agents duly authorized, of whom Fisher, who was served, was one, having an office in Pittsburgh, transacting business for said company, effecting policies of insurance subject to approval of company, and collecting and receiving premiums for the same.

The sheriff's return is conclusive of the fact of agency. Having returned that he served the agent of the company, the court will

not inquire into the question of his agency: Kennard v. Railroad Co., 1 Phila. R. 41. Service on any agent of a foreign insurance company *any where is enough* under the 6th section of Act of 1851, *supra;* Cochran v. Library Co., 6 Phila. R. 492. The Act of April 4th 1873, Pamph. L. 20, does not repeal the Act of 8th April 1851. It is but cumulative as to the service of original writs upon foreign insurance companies.

*J. A. Emery,* for defendant in error.—The only service that would be legal or binding on the company must be in accordance with the provisions of the Act of April 4th 1873 (Pamph. L. 1873, 20), and the writ in this case not having been served as required by that act there was no legal service upon the company.

Chief Justice AGNEW delivered the opinion of the court, October 30th 1876.

The Act of April 4th 1873 was intended, among other matters, to regulate the conduct of foreign and other extra-territorial insurance companies within this state. The 13th section provides, that no insurance company, not of this state, or its agents, shall do business in this state until it has filed with the insurance commissioner a written stipulation agreeing that any legal process affecting the company may be served on the insurance commissioner, or the party designated by him, or the agent specified by the company to receive service of process, and this stipulation shall not be revoked or modified so as to require or dispense with the service at the office of the company. The 8th section requires every company to file with the insurance commissioner a copy of its charter and a certified statement of the time of its organization, the location of its principal place of business and the names and residence of its officers. No company, by the 9th section, can take risks or do business until it has fully complied with the provisions of the act. By the 10th section no person can act as agent of an insurance company in another state, or of a foreign government, until the provisions of the act are complied with, and a certificate granted by the commissioner to the company of its authority to transact business in this state. These with other provisions of the act show that the intent of the legislature was to bring such companies fully within the power and control of the state. Now, as a reasonable conclusion from these provisions, the company must be protected in the proper enjoyment of its privileges. Having an actuary or agent armed with a certificate of authority and an office or place of business, it is but reasonable that a company should be served with process upon its authorized agent, for whom a stipulation is given, at its place of business; and not that every agent in every county in the state, sent out merely to solicit risks, should be its representative. Such agents have no responsibility in this respect, and their forgetfulness

[Liblong *v*. Kansas Fire Ins. Co.]

or negligence to inform the company of service on them should not be permitted to result in injury, when the citizen has a full remedy by service on the proper representative. Before the passage of this act and when distant insurance companies were, by their agents, flitting over the states, leaving no impress of their feet upon its soil, there was a good reason to permit service wherever it could be obtained. The conclusiveness of the sheriff's return cannot be appealed to, for it sets forth neither the character of the agent nor the place or office where service was made. We think the court below was right in inquiring into and setting aside a service which neither in fact nor in law came up to the service required by the Act of 1873.                                              Order affirmed.