# Iron City National Bank *v.* Rafferty, Appellant.

*Promissory notes—Principal and surety — Guaranty—Corporation.*

Where two officers of a corporation indorse on the company's demand note the following words : " For value received, we hereby guarantee the prompt payment of the within note," and follow the words with their signatures, they are liable as sureties, and not as guarantors on the indorsement.

*Promissory note—Collateral security—Sale of collateral—Banks and banking.*

Where a collateral note gives to the holder after default the right to sell the collateral at public or private sale without demand, advertisement or notice, the holder may, if acting in good faith and without negligence, sell the collateral at private sale for less than its face value, and without notice to the surety.

Argued Oct. 29, 1903. Appeal, No. 73, Oct. T., 1903, by

defendants, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1899, No. 461, on verdict for plaintiff in case of Iron City National Bank v. B. F. Rafferty and Jo. P. Cappeau. Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit against indorsers on a promissory note. Before McCLUNG, J.

At the trial it appeared that the note in suit was made by the Burrell Water Company to the order of the defendants payable on demand. The defendants indorsed the notes as follows: "For value received we hereby guarantee the prompt payment of the within note." These words were followed by the signatures of defendants. The note was in the form of an ordinary collateral note, and gave the holder on default the right to sell the collateral at public or private sale without demand, advertisement or notice. Deposited with the note were eleven bonds of the Burrell Water Company of the par value of $1,000 each. George F. Wright, cashier of the plaintiff, testified that after default he had sold the bonds deposited as collateral to the Mellon National Bank for fifty cents on the dollar. This sale was made without notice to the defendants. Mr. Wright testified that the sale was made in good faith, and that he secured the highest price possible for the bonds.

Plaintiff presented these points:

1. That the defendants, having guaranteed the prompt payment of the note of the Burrell Water Company, in evidence in this case, became absolutely liable as sureties for the payment thereof, and it is immaterial whether the note could have been collected from the Burrell Water Company, or whether the water company was solvent or insolvent when the note became due. *Answer:* Affirmed. [19]

2. That the plaintiff bank cannot be held liable for more than it received from a sale of the bonds, unless it appear that the bank sold the bonds fraudulently or in bad faith, or that there was such recklessness in the mode or the time of selling, that an intent to injure the defendants might be inferred therefrom, and that there is no evidence in this case which would warrant the jury in finding that there was any fraud, bad faith or recklessness on the part of the bank as would render it liable for

more than it received for the bonds pledged to secure the pay-ment of the note.  *Answer :* Affirmed.  By this is meant that there is no evidence submitted by the defendants that would justify the jury in finding that there was bad faith, or a failure on the part of the plaintiff to get what they could out of the bonds that were pledged as collateral. [20]

Verdict and judgment for plaintiff for $3,912.50.   Defendant appealed.

*Errors assigned* were (19–20) above instructions, quoting them.

*G. K. Wright* and *George L. Roberts,* with them *C. G. Carter,* for appellant.

*John S. Wendt, D. T. Watson* and *Johns McCleave,* for appellee, were not heard.

PER CURIAM, November 9, 1903 :

In affirming plaintiff's second written prayer for instructions with the explanations and illustrations of the law determining the liability of sureties, the learned judge of the court below disposed of every substantial ground of controversy in this case.   The jury having credited the testimony of Mr. Wright, the cashier of the bank, there is no error which can he reached by an appellate court.

All the assignments of error are overruled and the judgment is affirmed.