# Wiener to use *v.* American Insurance Company of Boston.

*Foreign attachment—Debt—Subject of attachment—Foreign corporation.*

1. The rule that to give a court jurisdiction in foreign attachment the res must be within the territorial jurisdiction of the court applies only to tangible assets capable of actual seizure, and does not apply to choses in action.

2. Jurisdiction to fasten choses in action by garnishee process depends upon the ability to serve that process upon the debtor of the absent defendant within the jurisdiction of the court.

3. All debts are payable everywhere unless there be some special limitation or provision in respect to the payment, the rule being that debts as such have no locus or situs but accompany the creditor everywhere.

4. A debt due by a foreign corporation registered in Pennsylvania to another foreign corporation may be attached in Pennsylvania by a foreign attachment.

Argued Jan. 5, 1909. Appeal, No. 181, Jan. T., 1908, by Phœnix Insurance Company Garnishee, from order of C. P. No. 2, Phila. Co., Dec. T., 1906, No. 30, making absolute rule for judgment against garnishee on answers in case of Louis Wiener to use of J. R. Pringle v. The American Insurance Company of Boston, defendant, and Phœnix Insurance Company Garnishee. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Foreign attachment.

Rule on garnishee for judgment on answers.

The opinion of the Supreme Court states the case.

*Error assigned* was order making absolute rule for judgment.

*Francis S. Laws,* with him *John F. Lewis,* for appellants.— The writ of attachment at the date of its issuance did not bind anything in the hands of the garnishee: Datz v. Chambers, 3 Pa. Dist. Rep. 353; Opdyke v. Murphy Iron Works, 10 Pa. Dist. Rep. 68; Childs v. Digby, 24 Pa. 23; Penna. R. R. Co. v. Pennock, 51 Pa. 244; Glenny v. Boyd, 26 Pa. Superior Ct. 380;

Noble v. Oil Co., 79 Pa. 354, Jaffray's App., 101 Pa. 583; Brock v. Brock, 1 Pa. C. C. Rep. 232; Barr v. King, 96 Pa. 485; Chase v. Ninth Nat. Bank, 56 Pa. 355; Beal v. Toby Valley Supply Co., 2 Pa. Dist. Rep. 671; Pain's Pyro-Spectacular Co. v. Lincoln Park, etc., Co., 5 Pa. Dist. Rep. 474; Pierce v. Electric Company, 28 W. N. C. 311; Diener v. Wopsononock Hotel Co., 10 Pa. Dist. Rep. 57; Shaw v. Mining Co., 145 U. S. 444 (12 Sup. Ct. Repr. 935); Reimers v. Manufacturing Co., 70 Fed. Repr. 573.

The point here contended for is sustained by a large number of well-considered cases, in both the federal and the state courts: Central Trust Co. of New York v. Chattanooga R. & C. R. R. Co., 68 Fed. Repr. 685; Reimers et al. v. Seatco Mfg. Co., 70 Fed. Repr. 573; Douglass v. Ins. Co., 138 N. Y. 209 (33 N. E. Repr. 938); Railroad Co. v. Maggard, 39 Pac. Repr. 985; Central Trust Co. v. Chattanooga, etc., R. R. Co., 68 Fed. Repr. 685.

*Theodore F. Jenkins*, with him *G. Heide Norris*, for appellee.—Where one foreign corporation is indebted to another foreign corporation, the debt will be bound by a foreign attachment in which the creditor is the defendant and the debtor the garnishee: Furness v. Smith, 30 Pa. 520; Bushel v. Com. Ins. Co., 15 S. & R. 173; Fithian v. Railroad Co., 31 Pa. 114; Jones v. Railroad Co., 1 Grant, 457; Morgan v. Neville, 74 Pa. 52; Barr v. King, 96 Pa. 485; Datz v. Chambers, 3 Pa. Dist. Rep. 353; Nat. Fire Ins. Co. v. Chambers, 53 N. J. Eq. 468 (32 Atl. Repr. 663); Harris v. Balk, 198 U. S. 215 (25 Sup. Ct. Repr. 625); Penna. R. R. Co. v. Pennock, 51 Pa. 244; Chicago, etc., Ry. Co. v. Sturn, 174 U. S. 710 (19 Sup. Ct. Repr. 797); Louisville & Nashville R. R. Co. v. Deer, 200 U. S. 176 (26 Sup. Ct. Repr. 207).

OPINION BY MR. JUSTICE BROWN, April 12, 1909:

This foreign attachment was issued against the American Insurance Company of Boston, a Massachusetts corporation, as defendant, and the Phœnix Insurance Company of New York, a New York corporation, as garnishee. The defendant appeared and judgment was entered against it for want of a suf-

ficient affidavit of defense. Subsequently judgment was entered against the garnishee on its answers to the interrogatories filed, and from that judgment it has appealed. What was attached was a debt due from the garnishee to the defendant in the attachment, and we are asked to say that this was not attachable, because it was not in contemplation of law within the jurisdiction of the court at the time the writ issued. Authorities are not wanting to sustain this contention of the appellant, but we cannot follow them.

If, under the attachment in his hands, the sheriff had undertaken to seize tangible property of the defendant in the possession of the garnishee beyond the jurisdiction of the court, such property would not have been bound by the attachment: Pennsylvania Railroad Company v. Pennock, 51 Pa. 244. By the act of June 13, 1836, the goods and effects of a defendant in a foreign attachment in the hands of the garnishee shall, after service of the writ, be bound by it and be in the officer's power, and, if susceptible of seizure or manual occupation, the officer shall proceed to secure the same to answer and abide the judgment of the court in the case. If tangible goods are not in the possession of the garnishee within the jurisdiction of the court out of which the writ of attachment issued, they cannot be touched by that writ and are, therefore, not bound by it. An intangible thing—a debt due from the garnishee to the defendant—cannot be actually seized anywhere, but, being an effect of the defendant in the hands of his creditor, is bound by the attachment from the time it is served. "All debts are payable everywhere, unless there be some special limitation or provision in respect to the payment; the rule being that debts as such have no locus or situs, but accompany the creditor everywhere:" 2 Parsons on Contracts (8th ed.), 702. It does not appear from the answers to the interrogatories that the debt due by the garnishee to the defendant had imposed upon it any "special limitation or provision in respect to the payment." It was payable generally, and unquestionably could have been sued on here in Pennsylvania, and, therefore, was attachable here. "This is the principle and effect of the best considered cases—the inevi-

table effect from the nature of transitory actions and the purpose of foreign attachment laws if we would enforce that purpose:" Chicago, Rock Island, etc., Railway v. Sturm, **174 U. S. 170.** The rule that to give a court jurisdiction in foreign attachment the res must be within the territorial jurisdiction of the court, applies only to tangible assets, capable of actual seizure, and does not apply to choses in action. Jurisdiction to fasten choses in action by garnishee process depends upon the ability to serve that process upon the debtor of the absent defendant within the jurisdiction of the court: National Fire Insurance Co. v. Chambers, **53 N. J. Eq. 468.** This case is cited with approval in Harris v. Balk, **198 U. S. 215.** In that case a citizen of North Carolina, indebted to another citizen of that state, was, while temporarily in Maryland, garnisheed by a creditor of the man to whom he owed the money, and judgment was duly entered according to the Maryland practice, and paid. Subsequently the original creditor of the garnishee sued him in North Carolina, and the defense was set up of judgment against the garnishee and its payment by him, but the North Carolina courts held that, as the situs of the debt was in North Carolina, the Maryland judgment was not a bar to a recovery by the North Carolina creditor, and judgment was awarded against the debtor. On a writ of error to the supreme court of the United States that court, in reversing the judgment, held that, as under the laws of Maryland the garnishee could have been sued by his creditor in the courts of that state, he was subject to a garnishee process if found and served there, even though there only temporarily, no matter where the situs of the debt was originally, and it was said: "The cases holding that the state court obtains no jurisdiction over the garnishee if he be but temporarily within the state, proceed upon the theory that the situs of the debt is at the domicil either of the creditor or of the debtor, and that it does not follow the debtor in his casual or temporary journey into another state, and the garnishee has no possession of any property or credit of the principal debtor in the foreign state. We regard the contention of the plaintiff in error as the correct one. The authorities in the various state

courts upon this question are not at all in harmony. They have been collected by counsel, and will be found in their respective briefs, and it is not necessary to here enlarge upon them. Attachment is the creature of the local law; that is, unless there is a law of the state providing for and permitting the attachment it cannot be levied there. If there be a law of the state providing for the attachment of the debt, then if the garnishee be found in that state, and process be personally served upon him therein, we think the court thereby acquires jurisdiction over him, and can garnish the debt due from him to the debtor of the plaintiff and condemn it, provided the garnishee could himself be sued by his creditor in that state. We do not see how the question of jurisdiction vel non can properly be made to depend upon the so-called original situs of the debt, or upon the character of the stay of the garnishee, whether temporary or permanent, in the state where the attachment is issued. Power over the person of the garnishee confers jurisdiction on the courts of the state where the writ issues: Blackstone *v.* Miller, 188 U. S. 189, 206. If, while temporarily there, his creditor might sue him there and recover the debt, then he is liable to process of garnishment, no matter where the situs of the debt was originally. We do not see the materiality of the expression 'situs of the debt,' when used in connection with attachment proceedings. If by situs· is meant the place of the creation of the debt, that fact is immaterial. If it be meant that the obligation to pay the debt can only be enforced at the situs thus fixed, we think it plainly untrue. The obligation of the debtor to pay his debt clings to and accompanies him wherever he goes. He is as much bound to pay his debt in a foreign state when therein sued upon his obligation by his creditor, as he was in the state where the debt was contracted. We speak of ordinary debts, such as the one in this case. It would be no defense to such suit for the debtor to plead that he was only in the foreign state casually or temporarily. His obligation to pay would be the same whether he was there in that way or with an intention to remain. It is nothing but the obligation to pay which is garnished or attached. This obligation can be enforced by

the courts of the foreign state after personal service or process therein, just as well as by the courts of the domicil of the debtor. If the debtor leave the foreign state without appearing, a judgment by default may be entered, upon which execution may issue, or the judgment may be sued upon in any other state where the debtor might be found. In such case the situs is unimportant. It is not a question of possession in the foreign state, for possession cannot be taken of a debt or of the obligation to pay it, as tangible property might be taken possession of. Notice to the debtor (garnishee) of the commencement of the suit, and notice not to pay to his creditor, is all that can be given, whether the garnishee be a mere casual and temporary comer, or a resident of the state where the attachment is laid. His obligation to pay to his creditor is thereby arrested and a lien created upon the debt itself: Cahoon v. Morgan, 38 Vermont, 234, 236; National Fire Ins. Co. v. Chambers, 53 N. J. Eq. 468, 483. We can see no reason why the attachment could not be thus laid, provided the creditor of the garnishee could himself sue in that state and its laws permitted the attachment."

The foregoing is in accord with what was held in Fithian et al. v. New York & Erie R. R. Co., 31 Pa. 114, where the question was whether a debt due by a foreign corporation, which was evidenced by a judgment obtained against it in a foreign state, was attachable here at the instance of a creditor of the corporation's creditor, and we decided that such debt could be attached and that the garnishee was not protected by paying over the amount of the judgment against it to the attorneys of its judgment creditor in the state of New York in disregard of the attachment. The attachment, it is true, was one in execution under the act of June 16, 1836, but that act, directing that a debt due to a defendant may be attached, provides that it is to be attached in the manner allowed in the case of a foreign attachment. If the debt was attachable in the attachment execution, it clearly would have been so in a foreign attachment.

The assignment of error is overruled and the judgment is affirmed.