# Wiener to use *v.* American Insurance Company of Boston, Appellant.

*Foreign attachment—Foreign corporation—Debt.*

A nonresident of Pennsylvania in a suit in this state against another nonresident, may issue a foreign attachment and summon as garnishee a foreign corporation registered in this state and owing a debt to the defendant.

Argued Oct. 8, 1908. Appeal. No. 93, Oct. T., 1908, by defendants, from order of C. P. No. 2, Phila. Co., Nov. T., 1909, No. 23, making absolute rule for judgment on answer of garnishee in case of Louis Wiener to use of J. R. Pringle v. The American Insurance Company of Boston and New Hampshire Fire Insurance Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule for judgment on answers of garnishee.
The facts appear by the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment.

*Francis S. Lewis,* with him *Edward F. Pugh* and *John F. Lewis,* for appellants.—A careful consideration of the nature of the proceedings by foreign attachment as it exists in Pennsylvania would seem to sustain the contention that the attachment in this case bound nothing in the hands of the garnishee. The character of the action is in the nature of a proceeding in rem, and, therefore, unless the res was, in contemplation of law, within the jurisdiction of the court out of which the writ issued, it could not be reached by the writ: Datz v. Chambers, 3 Pa, Dist. Rep. 353.

The mere fact that the New Hampshire Fire Insurance Company, the garnishee, had a registered agent in Pennsylvania, so as to comply with the law permitting it to do business there, did give it a domicile in Pennsylvania, but its residence is still exclusively in the state of its creation: Barr v. King, 96 Pa. 485; Chase v. Ninth Nat. Bank, 56 Pa. 355; Beal v. Toby Valley

Supply Co., 2 Pa. Dist. Rep. 671; Pain's Pyro-Spectacle Co. v. Lincoln Park & Steamboat Co., 5 Pa. Dist. Rep. 474; Pierce v. Electric Company, 28 W. N. C. 311; Diener v. Wopsononock Hotel Co., 10 Pa. Dist. Rep. 57; Shaw v. Mining Co., 145 U. S. 444 (12 Sup. Ct. Repr. 935); Reimers v. Seatco Manufacturing Co., 70 Fed. Repr. 573; Childs v. Digby, 24 Pa. 23; Penna. R. R. Co. v. Pennock, 51 Pa. 244; Glenny v. Boyd, 26 Pa. Superior Ct. 380; Noble v. Thompson Oil Co., 79 Pa. 354; Jaffray's App., 101 Pa. 583; Brock v. Brock, 1 Pa. C. C. Rep. 232.

The point here contended for is sustained by a large number of well-considered cases, in both the federal and the state courts: Central Trust Co. of New York v. Chattanooga R. & C. R. Co., 68 Fed. Repr. 685; Reimers et al. v. Seatco Mfg. Co., 70 Fed. Repr. 573; Douglass v. Ins. Co., 138 N. Y. 209 (33 N. E. Repr. 938); R. R. Co. v. Maggard, 39 Pac. Repr. 985.

*Theodore F. Jenkins*, with him *G. Heide Norris*, for appellee.— A debt due to a nonresident is liable to foreign attachment when the debtor is within reach of our process: Furness v. Smith, 30 Pa. 520; Barr v. King, 96 Pa. 485; Morgan v. Neville, 74 Pa. 52; Datz v. Chambers, 3 Pa. Dist. Rep. 353; National Fire Ins. Co. v. Chambers, 53 N. J. Eq. 468 (32 Atl. Repr. 663); Chicago, etc., Ry. Co. v. Sturm, 174 U. S. 710 (19 Sup. Ct. Repr. 797); Harris v. Balk, 198 U. S. 215 (25 Sup. Ct. Repr. 625); Penna. R. R. Co. v. Pennock, 51 Pa. 244; Louisville, etc., R. R. Co. v. Deer, 200 U. S. 176 (26 Sup. Ct. Repr. 207); Poor v. Colburn, 57 Pa. 415; Bank v. Trainer, 209 Pa. 387; Brewing Co. v. Canavan, 221 Pa. 366.

OPINION BY RICE, P. J., April 12, 1909:

The questions for decision in this case arise upon the following facts the statement of which we take from the paper-book of appellant's counsel. Certain policies of insurance were issued in California to Louis Wiener, a resident of that state, by the American Fire Insurance Company, defendant, insuring property in San Francisco. A loss having occurred, a writ of foreign attachment was issued out of the court of common pleas of Philadelphia county, and the New Hampshire company served as garnishee. The defendant is a Massachusetts corporation,

and has no agent or property in Pennsylvania. The garnishee is a New Hampshire corporation registered in Pennsylvania, having a local agent at Philadelphia. The defendant appeared and filed an affidavit of defense, and judgment was entered against it for want of a sufficient affidavit. Interrogatories were served upon the garnishee, which made answer, denying that it had any money or property of the defendant in Pennsylvania, but admitting that under certain contracts of reinsurance made in New Hampshire, there was due by the garnishee to the defendant the sum of $758.09 as the garnishee's proportion of certain reinsured losses which had been disbursed by the defendant. A rule was entered by the plaintiff against the garnishee for judgment for the sum admitted to be due in the answers, which rule was made absolute by the court. From this judgment of the court the present appeal was taken.

We shall not stop to discuss the question whether the general appearance by the defendant and its submission to the judgment against it for want of a sufficient affidavit of defense affect the scope of the attachment. We are of opinion that irrespective of this action of the defendant the judgment now before us for review was right.

The fact that the plaintiff is a nonresident of this commonwealth, and the further fact that the residence of the garnishee, although having complied with the law permitting it to do business therein and having a registered agent upon whom process can be served, is nevertheless in the state of its creation, do not of themselves constitute a valid objection to the proceeding. As to the right of a nonresident plaintiff to maintain foreign attachment no authority need be cited, and as to his right to summon as garnishee a foreign corporation which is qualified to do business in this state by having complied with the statutory regulations, it is enough to refer to Barr v. King, 96 Pa. 485, wherein the court decided the exact point and in the course of the discussion said: "Natural and artificial persons, citizens of other states, who are doing business here, ought to stand on an equal footing with each other and with the citizens of this state. A natural person who is a citizen of another state, on coming within the jurisdiction of our courts is

liable to all actions as if resident in this state; and legislation has done much to place foreign corporations on equality with domestic as respects the rights to sue and the liability to be sued. No reason exists why a foreign corporation engaged in business here should be exempt from attachment process. It is a proceeding against the garnishee personally for the value of the thing attached when the thing itself is not produced. If a debt be attached it compels payment to the creditor of him to whom the garnishee is indebted. The object is to appropriate the debtor's assets to payment of his debts, and this object ought to be favored."

But, it is argued, the action of foreign attachment is in the nature of a proceeding in rem, and, therefore, unless the res is, in contemplation of law, within the jurisdiction of the court out of which the writ issued, it cannot be reached by the writ. Upon this subject it was said in Christmas v. Biddle, 13 Pa. 223, "The attachment process is a proceeding in rem, and the matter and thing attached must be in the power and jurisdiction of the court." In the later case of Childs v. Digby, 24 Pa. 23, the court, while conceding that the attachment process is a proceeding in rem, held it to be equally true that it is something more: "It is also a proceeding against the garnishee personally, for the purpose of compelling him to answer for the value where the thing itself is not produced." Accordingly it was held in that case that all that is requisite to sustain proceedings in foreign attachment against a garnishee, is that he be within the jurisdiction of the court when the writ was served, and that the property attached be in the possession of himself or agent, though the goods be within a foreign jurisdiction at the time the writ was issued. This case was doubted in Pennsylvania R. R. v. Pennock, 51 Pa. 244, and the doctrine stated as follows: "The party being beyond the reach of process and his property within, is the foundation for the attachment process. But if neither be within the reach of process, it is evident no appearance can be attained. There is nothing on which process can operate, and there is an end of the attachment writ, if one be issued, as there would be to suit commenced by summons when the party is not to be found." In that case, how-

ever, tangible property was involved, and a perusal of the opinion will show that the reasoning of the decision is based on that fact. Here we have to do with the attachment of a debt, which is incapable of manual seizure, and for the enforcement of which the creditor is not bound to go to its own domicile or the domicile of its debtor, but which he may enforce by action in this state. We do not dispute the proposition that a debt may have a conventional situs for certain purposes, either at the domicile of the debtor or of the creditor, or at the place where it is payable, depending upon a variety of considerations. But here it is manifestly immaterial where the debt was created, and it is not asserted that it could not be sued for either in the domicile of the debtor, or in the original domicile of the creditor, or in this state where the latter is doing business and has an agent upon whom process can be served. To say that foreign attachment will not lie here because this intangible thing, the debtor's obligation to pay, had a conventional situs for some purposes in another jurisdiction, is not, in our judgment, based upon any express provision of the statute or any apparent principle necessary to be implied in order to confine the proceeding within the purpose of the enactment. By reason of the similarity of the provisions of the act of 1836 relating to attachment execution to the provisions of the act of the same year relating to foreign attachment, the case of Fithian v. N. Y. & E. R. R. Co., 31 Pa. 114, goes far to sustain this conclusion, if it does not positively rule the question before us. The subject was quite elaborately reviewed in Harris v. Balk, 198 U. S. 215, where the facts were as follows: A citizen of North Carolina who owed money to another citizen of that state, was, while temporarily in Maryland, garnisheed by the creditor of the man to whom he owed the money. Judgment was duly entered according to Maryland practice, and paid. Thereafter the garnishee was sued in North Carolina by the original creditor and set up the garnishee judgment and payment, but the North Carolina courts held that as the situs of the debt was in North Carolina the Maryland judgment was not a bar and awarded jugdment against him. It was held that this was error, and that as under the laws of Maryland the garnishee

could have been sued by his creditor in the courts of that state he was subject to garnishee process if found and served in the state, even though only there temporarily, no matter where the situs of the debt was originally. The discussion by the court is so pertinent to this case that we quote therefrom at some length as follows: "Attachment is a creature of local law. If there be a law of the state providing for the attachment of the debt, then if the garnishee be found in that state and process be served personally upon him therein, we think the court thereby acquires jurisdiction over him and can garnish the debt due from him to the debtor of the plaintiff and condemn it, provided the garnishee could himself be served by his creditor in that state. Power over the person of the garnishee confers jurisdiction on the courts of the state where the writ is issued." Then, after speaking of the immateriality of the expression "situs of the debt" when used in connection with attachment proceedings, the court said: "The obligation of the debtor to pay his debts clings to and accompanies him wherever he goes. He is as much bound to pay his debt in a foreign state when therein sued upon his obligation by his creditor as he was in the state where the debt was contracted. . . . It is nothing but the obligation to pay which is garnisheed or attached. This obligation can be enforced by the courts of a foreign state after personal service of process therein just as well as by the courts of the domicile of the debtor." The question under discussion has been the subject of diversity of opinion in the courts of other states, as is shown by the cases cited in the appellant's brief. Many of these cases bearing upon it are reviewed in National Fire Insurance Co. v. Chambers, 53 N. J. Eq. 468. That case was connected with the decision in Datz v. Chambers, 3 Pa. Dist. Rep. 353, decided by common pleas No. 2 of Philadelphia county, and the decision is in accordance with the view there taken and heretofore indicated. We cannot see that an extended review of these cases by us would serve any good purpose. Our conclusion is that the court had jurisdiction of the subject of the attachment, and that judgment was properly entered on the garnishee's answers.

The judgment is affirmed.