## Bluestone v. Blowstein et al.

*Alter, Wright & Barron,* for plaintiff.
*Smith, Buchanan, Scott & Gordon,* for garnishee.

SMITH, J., June 5, 1934.—This case comes before the court upon petition of the plaintiff for judgment against the garnishee for $9,513.43, which amount is admitted by the garnishee to be due under a policy of life insurance wherein the defendants are beneficiaries. The defendants are citizens of Russia, against whom judgment has been rendered for $12,774.74 in favor of the plaintiff, a resident of Pennsylvania. The garnishee is a New York corporation licensed to do business as an insurance company in the Commonwealth of Pennsylvania.

Although admitting liability to the defendants, the answer of the garnishee denies that the proceeds of the policy are subject to attachment in Pennsylvania, for the following reasons:

"1. The policy was written in the State of New York upon the life of a resi-

dent of New York, and the proceeds are made payable to the defendants, who are and were residents of Russia. In addition, the garnishee is a New York corporation with its home office in the City and State of New York, and merely maintains branch offices in the Commonwealth of Pennsylvania, being registered to do business therein.

"2. The policy contains the following phrase with respect to payment of benefits thereunder: 'All benefits under this policy are payable at the home office of the company in the City and State of New York.'"

An examination of the record in the case, particularly the sheriff's return, shows that service was made upon the garnishee by serving an officer at the garnishee's place of business in Allegheny County and by serving the Insurance Commissioner at Harrisburg by means of registered mail, in accordance with section 210 of The Insurance Department Act of May 17, 1921, P. L. 789, as amended by the Act of April 27, 1927, P. L. 476. In addition, counsel for garnishee many months ago entered a general appearance, which, under the long-established rule in Pennsylvania, acts as a waiver of all defects in process and service: Konopka et ux. v. McAteer, 313 Pa. 510.

The court is of the opinion, from an examination of the whole record, that it has power to enter judgment against the garnishee, even though the garnishee be a foreign corporation and the subject matter sought to be attached a mere chose in action. The general rule that no court can have jurisdiction in foreign attachment unless the res be within the territorial jurisdiction of the court is applicable only to tangible assets capable of manual seizure. It does not apply to choses in action, jurisdiction to fasten which by garnishee process depends upon the ability to serve that process upon the debtor of the absent defendant within the jurisdiction of the court: Wiener, to use, v. American Insurance Company of Boston, 224 Pa. 292.

The court is not of the opinion that its jurisdictional right so to seize a chose in action by foreign attachment is defeated by a policy provision reading, in substance: "All benefits under this policy are payable at the home office of the company in the City and State of New York."

As long as the defendant can sue the garnishee, the place of payment is immaterial. To admit of the other interpretation and to hold that the situs of the indebtedness is controlled by such general language of convenience to the parties as hereinbefore referred to, to the effect that the debt is payable at the general office of the company "in the City and State of New York", is to introduce to the law a maze of ephemeral technicalities, the only purpose of which is further to becloud the issue and defeat substantial justice: Wiener, to use, v. American Insurance Company of Boston, 39 Pa. Superior Ct. 219.

Judgment will therefore be entered against the garnishee and in favor of the plaintiff in the sum of $9,513.43.

### Order

And now, June 5, 1934, it appearing to the court that Samuel Bluestone has recovered a judgment against Isaac Blowstein and Keile Blowstein at no. 10, October term, 1933, in the sum of $12,774.74, with interest from April 3, 1934, and there is still due and remaining unpaid on said judgment the sum of $12,-774.74, and it further appearing to the court that New York Life Insurance Company, garnishee, by answers to the interrogatories filed by the plaintiff in the above-named case, admits it has in its hands money of the defendants, Isaac Blowstein and Keile Blowstein, in the sum of $9,513.43, it is therefore ordered that judgment be entered for said plaintiff, Samuel Bluestone, and against

said garnishee, New York Life Insurance Company, in the sum of $9,513.43, being the debt and interest in part of the plaintiff's judgment against the said defendants, Isaac Blowstein and Keile Blowstein, at no. 10, October term, 1933, and that the plaintiff have execution of the said judgment on the funds held by New York Life Insurance Company, garnishee of said Isaac Blowstein and Keile Blowstein, and attached in its hands, as will satisfy the judgment of the said plaintiff, Samuel Bluestone, against the said Isaac Blowstein and Keile Blowstein. If New York Life Insurance Company, garnishee, refuses or neglect, on demand by the sheriff to pay the same, then the same to be levied of its goods and lands, according to law, as in the case of a judgment against it for its own proper debt, and that the said garnishee, New York Life Insurance Company, be thereupon discharged as against the defendants, Isaac Blowstein and Keile Blowstein, as of said judgment.          From William J. Aiken, Pittsburgh, Pa.