Read, Appellant, *v.* Pennsylvania Company, etc.

Argued April 9, 1940. Before MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Ralph S. Croskey,* of *Edwards & Croskey,* with him *Theodore L. Reimel,* for appellant.

*Harry E. Sprogell* and *Saul, Ewing, Remick & Saul,* for appellee, were not heard.

OPINION BY MR. JUSTICE MAXEY, May 6, 1940:

On December 30, 1929, Milford J. Baker was indebted to defendant bank upon a note in the sum of $23,139.00, and there was pledged as collateral for this loan certain securities of his own as well as certain securities of one Budd. When the value of the collateral declined and the bank called for additional security, plaintiff, at Baker's request, turned over to the latter for delivery to defendant, certificates of stock registered in plaintiff's name and endorsed in blank by him. Plaintiff contends that

he did not give Baker or defendant the right to rehypothecate his securities and denied "that there was any understanding between Baker, the defendant and myself . . . that the securities might be delivered to defendant to be held as collateral." Defendant wrote plaintiff in 1931 as follows: "We are very much worried about this loan and Mr. Baker's ability to protect it. I think it will soon result in our requesting that the loan be paid off or liquidated. Mr. Newhall has therefore asked me to inquire if you would be interested in protecting your stock." Plaintiff replied to this, inter alia, as follows: "Had I anticipated your present proposed action, I most certainly would not have loaned him this stock. However, I did it on my own initiative and I am able to stand by the consequences."

Plaintiff denied any further notice to him of the proposed sale of the collateral. In June, 1933, defendant began to sell the collateral. It first disposed of plaintiff's stock, while still holding securities owned by Baker and by Budd. Plaintiff sued defendant for the value of his stock so sold, basing his action upon the grounds (1) that defendant was under a duty not to sell plaintiff's shares until it had first sold the securities deposited by Baker and Budd; and (2) that he was entitled to notice of the sale, but was not notified. Defendant filed an affidavit of defense.

The case came before the court below upon defendant's rule for judgment for want of a sufficient reply by plaintiff to the new matter pleaded in the affidavit of defense. This rule was made absolute and plaintiff appealed.

The court below, in its opinion in making the rule for judgment absolute, said: "The certificates were endorsed in blank, making them freely negotiable. See Uniform Stock Transfer Act of 1911, P. L. 126, secs. 1, 6, 15 PS secs. 301, 306. Obviously, therefore, as plaintiff's letter admits, the shares were rightfully deposited with defendant."

Plaintiff's proposition that defendant was under a duty not to sell plaintiff's securities until it had first sold the securities deposited by Baker and Budd is without merit. No such legal duty rested upon the defendant. In *Hampton v. Congress B. & L. Assn.*, 300 Pa. 501, 150 A. 895, the court held that a creditor could proceed against the collateral security given by one surety and release the collateral deposited by another, that other (as here) not being a co-surety. This court there said: "Holding, as it did, various collateral securities, the association could exercise its right to indemnify itself from either or both" (citing cases).

The court below aptly said that it is the law that a creditor may enforce his claim against the surety without first having proceeded against the principal or having sold collateral securities deposited by the principal: *Geddis v. Hawks*, 1 Watts 280, and *Juniata B. & L. Assn. v. Hetzel*, 103 Pa. 507. The court below also pertinently pointed out that Baker's collateral was not surrendered to him to the prejudice of plaintiff. The latter is protected by subrogation to the bank's right in Baker's collateral.

There is no merit in plaintiff's contention that he was entitled to notice of sale. Notice may be waived: *Appeal of Jeanes*, 116 Pa. 573, 11 A. 862. The stock in the instant case was deposited as collateral for a note which expressly waived notice of sale. Such a waiver binds the surety as well as the principal. See *Iron City Nat. Bk. v. Rafferty*, 207 Pa. 238, 56 A. 445.

Appellant cites the case of *LeMarchant et al. v. Moore et al.*, 150 N. Y. 209. That case is inapposite here, for there the pledgee had no right under its contract with the borrower to sell the property pledged without notice. In that case there was a breach of contract and here there is none.

The judgment is affirmed.