**FinanceAMERICA CREDIT CORPORATION**

v.

**KRUSE CLASSIC AUCTION COMPANY, INC.**

Civ. A. No. 76–3061.

United States District Court,
E. D. Pennsylvania.

March 7, 1977.

Melvin Rubin, Haverford, Pa., for plaintiff.

James D. Crawford, C. R. Burton, Philadelphia, Pa., for defendant.

1. Kruse's action in that district is *Kruse Classic Auction Company, Inc. v. FinanceAmerica Credit Corporation, Roy Egidi Motor Cars, Inc.,*

## OPINION AND ORDER

TROUTMAN, District Judge.

Plaintiff is a Pennsylvania resident corporation and defendant is an Indiana corporation. The amount in controversy exceeds $10,000 and, therefore, jurisdiction is based upon 28 U.S.C. § 1332.

In this diversity action plaintiff, FinanceAmerica Credit Corporation (FinanceAmerica) seeks to recover for an alleged breach of a guaranty contract by defendant, Kruse Classic Auction Company, Inc. (Kruse). FinanceAmerica charges that Kruse agreed to guarantee payment of a debt owed by Roy Egidi Motor Cars, Inc. (Egidi) and that upon Egidi's default Kruse refused to perform on the guaranty contract.

Kruse has moved to dismiss for failure to join an indispensable party, namely Egidi. Subsequent to that motion, Kruse moved to transfer this action to the Middle District of Florida or, in the alternative to stay proceedings pending the outcome of an action commenced by Kruse in that District.[1]

## DISCUSSION

*Motion to Dismiss*

F.R.C.P. 19(a) defines what types of persons are needed for a just adjudication: persons in whose absence complete relief cannot be accorded to the parties in the action; or persons whose interests in the controversy may be impaired; or persons whose absence could expose a party to double liability. Concerning the absent party's interest, the Court in *Provident Tradesmens Bank & Trust Co v. Patterson*, 390 U.S. 102, 125, n.22, 88 S.Ct. 733, 746, 19 L.Ed. 936 (1968) said:

"* * * To be sure, state-law questions may arise in determining what interest the outsider actually has * * * (citations omitted) but the ultimate question whether, given those state-defined interests, a federal court may proceed without the outsider is a federal matter."

*Romolo Egidi and Leo L. Gephart,* Case No. 76–803–CIV–T–H (M.D.Fla., Tampa Div.)

Concerning which state law to use, the Third Circuit has said that in a diversity action "the applicable law is the law, including the choice of law rules, of the forum state. (Citations omitted) Pennsylvania courts apply the law of the place where a contract is made and where it is to be performed." *Craftmark Homes, Inc. v. Nanticoke Construction Company*, 526 F.2d 790, 792, n.2 (3d Cir. 1975). In this case, the guaranty contract was admittedly signed and executed in Allentown, Pennsylvania. Furthermore, FinanceAmerica's main office is in Pennsylvania. Pennsylvania law has held that a cause of action arises where payment is to be made. *Alpha Claude Neon Corporation v. Pennsylvania Distilling Company, Inc.*, 325 Pa. 140, 188 A. 825 (1936), and the place of payment is the creditor's residence or headquarters. *Wiener v. American Insurance Company of Boston*, 224 Pa. 292, 73 A. 443 (1909).

■ Therefore, because the guaranty contract was made in Pennsylvania and was to be performed in Pennsylvania, Pennsylvania law applies to the interests of the parties. The Third Circuit has held that a surety can be sued separately from the principal and that the principal is not an indispensable party in a diversity action. In *Downer v. United States Fidelity & Guaranty Co.*, 46 F.2d 733, 734 (3d Cir. 1931) the Court said:

> " * * * It is no answer or defense that the plaintiff has not chosen to pursue the principal first, if he is following a remedy given him by the bond. * * * ' * * * Their (the surety's and the principal's) liability is direct and not collateral, their bond is joint and several and all that is necessary to obtain a judgment against them is to show a breach by the principal of the condition of the bond, for their undertaking is that such a breach should not occur, and it is immaterial whether the principal is before the Court or not.'
>
> *        *        *        *        *        *
>
> " * * * The common-law rule is that the plaintiff may sue the surety without first suing the principal, and the surety

must pay and seek reimbursement from the principal. * * * " *Id.* 735.

■ It is clear that Egidi is not an indispensable party. FinanceAmerica may pursue its remedies against Kruse without concern as to any available remedies against Egidi. If Kruse wishes to argue that FinanceAmerica has jeopardized Kruse's rights against Egidi, they may assert such arguments through counterclaim against FinanceAmerica. Kruse's motion to dismiss will be denied.

*Motion to Transfer*

■ Kruse also moves to transfer this action to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). That section reads:

> "(a) For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The Supreme Court has held that the words "where it might have been brought" mean that a case can only be transferred to a district in which venue would have been proper for the plaintiff's original proceeding. *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). Because this is a diversity action, venue is only proper where all plaintiffs reside, all defendants reside or where the cause of action arose. Plaintiff resides in Pennsylvania and defendant resides in Indiana, so venue can only be proper in Florida if the cause of action arose there. However, the *Alpha Claude Neon* and *Wiener* cases cited earlier make it clear that the cause of action arose in Pennsylvania. Therefore, the motion to transfer will be denied.

*Motion to Stay Proceedings*

■ Kruse also moves to stay proceedings in this Court until the action in Florida is concluded. However, the Florida action concerns a surety suing a principal and a creditor while our action concerns a creditor suing a surety. The *Downer* case cited earlier made it clear that an action by a creditor against a surety is a separate mat-

ter from an action by a surety against a principal. Moreover, Kruse can raise its allegations against FinanceAmerica through counterclaim. Therefore, a stay is not presently indicated on the record before us.

However, we recognize that future developments as they occur, both with reference to this case and the case pending in Florida, may well dictate that a stay of proceedings in this case will best serve the interests of the litigants and best serve the conservation of judicial time and energies. Accordingly, the motion to stay will be denied without prejudice.