**123 S. BROAD STREET CORP.**

v.

**CUSHMAN & WAKEFIELD, INC.**

**Civ. A. No. 88–4280.**

United States District Court,
E.D. Pennsylvania.

July 28, 1988.

Richard M. Squire, Philadelphia, Pa., for plaintiff.

Cozen and O'Connor, Philadelphia, Pa., for defendant.

## MEMORANDUM

O'NEILL, District Judge.

Plaintiff, a Pennsylvania corporation, owns the Fidelity Building located on South Broad Street in Philadelphia. Cushman & Wakefield of Pennsylvania, Inc., a Pennsylvania corporation, was managing agent for the Fidelity Building pursuant to a management agency agreement made by it with the owner. The sole defendant, Cushman & Wakefield, Inc., is a New York corporation that owns all of the stock of Cushman of Pennsylvania, and is the surety for Cushman of Pennsylvania's performance of the terms of the management agreement. The law firm of Dilworth, Paxson, Kalish & Kauffman is a tenant in the Fidelity Building.

During the time the management agreement was in effect, plaintiff claimed that additional rents were due from Dilworth, Paxson with respect to space occupied by it in the Fidelity Building. Alleging various breaches of the management agreement by Cushman of Pennsylvania, plaintiff has sued Cushman of New York on the surety agreement. One of the breaches alleged is that Cushman of Pennsylvania failed to collect rentals in the amount of $647,089.93 for space that was leased to and occupied by tenants. The parties are agreed that the rentals allegedly due from Dilworth, Paxson are included in this claim. Defendant asserts that the Dilworth rents constitute 93% of the total claim asserted herein; plaintiff denies the 93% figure, but does not assert the proportion which the Dilworth rents bear to the total amount sought in this action.

Defendant has moved to dismiss asserting, *inter alia*, that both Dilworth, Paxson and Cushman of Pennsylvania are indispensable parties without whom this action cannot proceed.[1] It is not disputed that joinder of the law firm or of Cushman of Pennsylvania would destroy diversity.

Citing *Downer v. U.S. Fid. & Guaranty Co.*, 46 F.2d 733 (3d Cir.1931) and similar cases, plaintiff asserts that a surety can be sued separately from the principal and that the latter is not an indispensable party to a diversity action against the former. *See also FinanceAmerica Credit Corp. v. Kruse Classic Auc. Co.*, 428 F.Supp. 135 (E.D.Pa.1977). A creditor may enforce his claim against the surety without having first proceeded against the principal or against collateral deposited by the principal. *Read v. Penna. Co. for Ins. on Lives*, 338 Pa. 389, 12 A.2d 925, 927 (1940). The theory underlying this rule is that the surety is bound by the instrument of surety; that when, by its terms, the obligation of the surety is the same as that of the principal (as it is in this instance), as soon as the principal is in default the surety is in default; accordingly, the surety may be sued immediately before any proceedings are had against the principal, *Downer*, 46 F.2d at 735.

I agree with plaintiff's statement of the applicable principal-surety law and, thus, conclude that Cushman of Pennsylvania need not be made a party to this action.

I reach a contrary conclusion with respect to Dilworth Paxson.

Plaintiff's position on this question is as follows:

> As a matter of law, whatever remedies a surety has against its principals are of no consequence in this action.... Similarly, whatever remedies a surety may have against a third party such as Dilworth are also of no consequence. Following the principal's breach of its duty a creditor has no obligation to exhaust any other remedies before proceeding against a surety, including those against a third party.

> \*   \*   \*   \*   \*   \*

---

1. The motion and plaintiff's answer thereto contain averments of fact which also appear in the briefs. The motion attaches the management agreement, the Dilworth lease, certain correspondence and an affidavit; the answer to the motion attaches a letter from Cushman of Pennsylvania to Dilworth, Paxson. In submitting the matter for decision the parties have relied on some or all of these documents and factual averments and, accordingly, they will be considered by the Court.

Dilworth is also not a necessary party. Unless joined by C & W of N.Y., Dilworth will not be bound by this action and its rights will not be prejudiced. As set forth in *Downer* and in *FinanceAmerica,* a surety has no right to compel a creditor to pursue any other remedy before it pursues its rights against the surety.

\* \* \* \* \* \*

Under the substantive law of suretyship the Defendant is not entitled to avoid its own liability by substituting the principal or a third party in its place or because the creditor has not first pursued some other remedy.

Plaintiff's Memorandum, pp. 6, 8, 10.

The difficulty I have with plaintiff's submission is that defendant is not a surety for Dilworth Paxson. The Dilworth firm is not the principal; defendant did not guarantee that Dilworth would pay whatever rent it owed. The cases cited by plaintiff, I believe, stand for the principles I have set out above, namely, that when the principal is in default the creditor cannot be required to proceed against the principal or collateral posted by the principal before suing the surety on the agreement of surety; nor is the principal a necessary party to such an action.

The cases relied on by plaintiff simply do not read on the present situation, where whether the principal is in default (and, thus, whether the surety is liable) depends, in part, upon whether a third person owes money to the creditor. Those cases concern only the creditor-principal-surety relationship; contrary to plaintiff's argument, they do not lay down a broad rule that the creditor never has to join a third party or pursue any remedy against him before suing the surety. At most, those cases hold that the creditor does not have to sue the principal; they do not hold that someone in the position of Dilworth, Paxson need not be joined.

I must, therefore, determine whether Dilworth, Paxson is a necessary party who should be joined under Fed.R.Civ.P. 19(a);

if so, whether under Rule 19(b) it is to be regarded as indispensable, resulting in dismissal of the action. *Bank of America Natl. Trust & Sav. Assn. v. Hotel Rittenhouse Associates,* 844 F.2d 1050 (3d Cir. 1988).

Rule 19(a) provides, in pertinent part:

(a) Persons to be Joined if Feasible. a person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest.

In the absence of Dilworth, complete relief can be accorded between plaintiff and defendant. If plaintiff proves a breach of the management agreement by Cushman of Pennsylvania and resultant injury, it can recover from defendant; if Cushman of Pennsylvania did not commit a breach causing injury to plaintiff, defendant will be entitled to judgment.

However, it is clear that a central issue in this action is whether Dilworth owes rentals to plaintiff. Dilworth has refused to meet with Cushman of Pennsylvania to discuss the matter; thus Dilworth appears to be taking the position that no rental is due. This means that Dilworth "claims an interest relating to the subject of the action" [2] and, in my view, leaves defendant subject to a substantial risk of incurring inconsistent obligations by reason of that interest within the meaning of Rule 19(a)(2)(ii).

Plaintiff concedes that defendant will be entitled to assert a claim against Dilworth

**2.** I am not suggesting that Dilworth would be bound by a judgment entered in its absence.

if defendant is required to pay plaintiff rentals which should have been paid to plaintiff by Dilworth:

> If a surety is found liable it has a claim for reimbursement against its principal or any third party which has caused its liability to the creditor.... As a surety this is the only basis on which the defendant has a claim against ... Dilworth.

Plaintiff's Memorandum, p. 10.

In the present action, the jury could find that rents were due from Dilworth and uncollected and hold defendant liable therefor. In the subsequent action, the finder of fact could determine that no rents were due.

Rule 19(b) provides:

> (b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

In *Provident Bank v. Patterson*, 390 U.S. 102, 106–107, 116–117 n. 12, 88 S.Ct. 733, 736–737, 741–742 n. 12, 19 L.Ed.2d 936 (1968), the Supreme Court held that determination of whether a party is indispensable must be based on "stated pragmatic considerations." It explained Rule 19(b) as follows:

> Rule 19(b) suggests four 'interests' that must be examined in each case to determine whether, in equity and good conscience, the court should proceed without a party whose absence from the litigation is compelled.... First, the plaintiff has an interest in having a forum. Before the trial, the strength of this interest obviously depends upon whether a satisfactory alternative forum exists.... Second, the defendant may properly wish to avoid multiple litigation, or inconsistent relief, or sole responsibility for a liability he shares with another....
>
> Third, there is the interest of the outsider whom it would have been desirable to join. Of course, since the outsider is not before the court, he cannot be bound by the judgment rendered. This means, however, only that a judgment is not res judicata as to, or legally enforceable against, a nonparty. It obviously does not mean either (a) that a court may never issue a judgment that, in practice, affects a nonparty or (b) that (to the contrary) a court may always proceed without considering the potential effect on nonparties simply because they are not 'bound' in the technical sense. Instead, as Rule 19(a) expresses it, the court must consider the extent to which the judgment may 'as a practical matter impair or impede his ability to protect' his interest in the subject matter....
>
> Fourth, there remains the interest of the courts and the public in complete, consistent, and efficient settlement of controversies. We read the Rule's third criterion, whether the judgment issued in the absence of the nonjoined person will be 'adequate,' to refer to this public stake in settling disputes by wholes, whenever possible, for clearly the plaintiff, who himself chose both the forum and the parties defendant, will not be heard to complain about the sufficiency of the relief obtainable against them....

Three of these "interests" strongly suggest that the instant action should be dismissed. First, a satisfactory alternative forum exists, a state court action in which both defendant and the Dilworth firm can be sued.[3] Second, the public has a stake in

---

3. See *Steel Valley Author. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1015 (3d Cir.1987):

settling the present dispute as a whole, which will be possible in a state court action. Third, defendant properly wishes to avoid multiple litigation and, possibly, inconsistent relief. "Equity and good conscience" compel the elimination of the possibility that the issue of Dilworth's liability for rent will be decided adversely to the surety in both actions.

The motion to dismiss for failure to join an indispensable party will be granted.

Finally, we are instructed to consider whether the plaintiff [Steel Valley] will have an adequate remedy if the action is dismissed for nonjoinder. Fed.R.Civ.P. 19(b). Clearly, the Pennsylvania state court is a ready forum available to all parties. This fact favors a finding of indispensability and thus would require a remand to the state court. Not only is the state court available for resolution of this controversy, but it also may be the most appropriate forum for consideration of Steel Valley's particular cause of action, *see Tick v. Cohen,* 787 F.2d 1490, 1495 n. 5 (11th Cir. 1986) (presence of a state forum has been found to be particularly compelling in diversity jurisdiction cases), which, among other features, includes real property interests—traditionally a state concern. Therefore, consideration of each of the Rule 19(b) factors leads to the conclusion urged upon us by Steel Valley that Radice–Ease is an indispensable party to Steel Valley's action.