717 F.Supp. 572 (1989)
CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREA PENSION FUND, a pension trust, and Loran W. Robbins, Marion M. Winstead, Robert C. Sansone, Robert J. Baker, Howard McDougall, Arthur H. Bunte, Jr., R. Jerry Cook and R.V. Pulliam, Sr., the present trustees, Plaintiffs,
v.
SAFECO INSURANCE CO. OF AMERICA, a Washington State Corporation, Defendant.
No. 88 C 7933.
United States District Court, N.D. Illinois, E.D.
June 26, 1989.
*573 Bruce Perlin, Francis J. Carey, Terence G. Craig, Central States Pension Fund Law Dept., Chicago, Ill., William F. Hanrahan, Terrence M. Deneen, Richard B. Fellows, Groom & Nordberg, Washington, D.C., for plaintiffs.
Columbus R. Gangemi, Jr., William G. Miossi, Winston & Strawn, Chicago, Ill., for defendant.

ORDER
NORGLE, District Judge.
Before the court is the defendant's, Safeco Insurance Co. of America (Safeco), motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(7), for failure to join a necessary party. In the alternative, the defendant has made a motion to join the McKesson Corporation (McKesson), the alleged necessary party, and stay the proceedings pending the outcome of arbitration between McKesson and the plaintiff. For the following reasons, the defendant's motion is denied.

FACTS
The plaintiff, Central States, Southeast and Southwest Area Pension Fund (Fund), is a multi-employer pension plan governed by the Employee Retirement Income Security Act of 1974 (ERISA). Prior to September 1, 1982, McKesson was a contributor to the Fund. On September 1, 1982, McKesson sold some of its operating assets to a group of dairies, Foremost Dairies Inc. and Knudsen Dairies, Inc., wholly owned and controlled by Winn Enterprises (Foremost). Foremost assumed McKesson's obligation to contribute to the Fund on behalf of former McKesson employees. Foremost agreed to provide the plaintiff with a surety bond on its contributions to the fund, in accord with 29 U.S.C. sec. 1384(a)(1)(B). Foremost purchased bond number 4142847 (the Surety Bond) from Safeco. The Surety Bond provided that Safeco would contribute $670,990.00 in the event that Foremost either withdrew from the Fund or failed to pay contributions during a five year period. McKesson remained secondarily liable for its original obligations under 29 U.S.C. sec. 1384(a)(1)(C).
Foremost filed for bankruptcy on September 17, 1986 and withdrew from the fund on September 20, 1986. The Fund submitted written demand for withdrawal liability on Foremost, in accordance with ERISA, and later demanded that Safeco honor its obligations under the surety bond taken out against Foremost's failure to contribute. Safeco has thus far refused to pay.

DISCUSSION
Safeco has moved to dismiss the Fund's complaint under Fed.R.Civ.P. 12(b)(7), for failure to join a necessary party. In the alternative, Safeco has asked this court to join McKesson as a necessary party to this suit and stay these proceedings pending the outcome of arbitration between the Fund and McKesson.
Fed.R.Civ.P. 12(b)(7) refers to Fed.R. Civ.P. 19 in stating that failure to join a party may be grounds to dismiss a complaint. Fed.R.Civ.P. 19(a)(2) states that a party must be joined if they have an interest relating to the subject matter of the action and are situated in such a way that disposition of the action would impair that party's ability to protect the interest or subject them to multiple liability upon the claimed interest. The moving party, under 12(b)(7), has the burden of proving that dismissal for failure to join is proper. Ilan-Gat Engineers Ltd. v. Antigua International Bank, 659 F.2d 234, 242 (2d *574 Cir.1981). Safeco has wholly failed to do this.
Safeco raises various arguments in its motion to dismiss/join. First, Safeco claims that McKesson is a necessary party. Indicative of the validity of Safeco's argument is the lack of any citation of a case where a party secondarily liable on a surety bond contract was found to be a necessary party. In an almost identical case, a court has found that it is not necessary to join a principal in an action against a surety, as "It is no answer or defense that the plaintiff has not chosen to pursue the principle first, if he is following a remedy given him by the bond." FinanceAmerica Credit Corp. v. Kruse Classic Auction Co., Inc., 428 F.Supp. 135 (E.D.Penn.1977). Therefore, it is not necessary to join McKesson as a party to this suit in order to pursue the surety contract entered into by Safeco.
Next, Safeco asserts that disposition of the Surety Bond contract between Safeco and the Fund will prejudice McKesson's ability to challenge the Fund's assessment of withdrawal liability in the arbitration and hamper the possibility of settlement between the Fund and McKesson. Again, this argument is totally without merit. The fact that one party would be in a better bargaining position if two separate parties did not litigate a dispute cannot be considered a serious prejudice, and indeed has been termed as an unconscionable position to take. Morgan Guaranty Trust Co. of N.Y. v. Martin, 466 F.2d 593, 598 (7th Cir.1972).
Safeco also asserts that the Fund seeks a windfall, in that payment by Safeco may be followed by payment by McKesson under any agreement entered into pursuant to arbitration. This argument is again without merit. The focus of Rule 19(a) is on the relief between the parties and not on the speculative possibility of further litigation between a party and an absent person. LLC Corp. v. Pen. Ben. Guaranty Corp., 703 F.2d 301, 305 (8th Cir.1983). Joinder is only required when complete relief cannot be had between the current parties. Id. at 305. The dispute before the court concerns amounts due the Fund under the surety contract with Safeco. Complete relief on this dispute can be had between the current parties. Any possible relief the Fund may receive from McKesson is irrelevant to the present dispute.
Also, Safeco asserts that, since McKesson is secondarily liable for contributions here, that it is an indispensable party. Potential indemnitors have never been considered indispensable parties, or even parties whose joinder is required if feasible. Pasco Intern. (London), Ltd. v. Stenograph Corp., 637 F.2d 496 (7th Cir.1980).
Failing in this argument, Safeco asks this court to join McKesson and stay these proceedings pending the outcome of arbitration between McKesson and the Fund. First, Safeco asserts that the Fund is bound to arbitrate its dispute under the terms of ERISA sec. 1401(a)(1). Defendant's Memorandum in Support of Motion to Dismiss, p. 9. However, Safeco totally ignores the plain meaning of the statute, which states in no uncertain terms, that an employer and plan sponsor are bound to arbitrate their disputes. Safeco, wisely, does not assert that either it or the Fund are employers as defined under 29 U.S.C. sec. 1002(5). There is absolutely no obligation on the part of the Fund to arbitrate this dispute.
Safeco claims that the surety bond does not exist independent of the arbitration between McKesson and the Fund. However, the Surety Bond does not make payment contingent upon arbitration between the Fund and McKesson. Moreover, Safeco admits that McKesson is not a party to the Surety Bond contract between the Fund and Safeco. Defendant's Memorandum in Support of Motion to Dismiss, p. 8. Therefore, the present dispute does not involve McKesson at all.
Last, Safeco argues that the proceedings should be stayed pending arbitration because of the interdependent nature of the Fund's claim against Safeco. On this point, the court suggests that Safeco more closely scrutinize the cases they cite in support of this argument consistent with its obligations under Fed.R.Civ.P. 11. All of the cases cited deal with disputes between an employer and employee or employee pension fund. Neither the holdings *575 of these cases nor their rational support staying litigation between a surety company and a pension fund pending the outcome of arbitration between the fund and an employer.
Safeco entered into a surety contract with the Fund to cover contributions that would be missing upon the withdrawal of Foremost Dairy. The contract clearly obligates Safeco to pay $670,990.00 in the event that Foremost failed to pay contributions when they became due or withdrew from the plan. On its face, the contract was not made contingent upon resolution of a dispute between other parties. Accordingly, the defendant's motion to dismiss for failure to join necessary party, or in the alternative, to join necessary party and stay proceedings is denied.
IT IS SO ORDERED.