# M. J. Kennedy, Appellant, *v.* Agricultural Ins. Co. of Watertown, Garnishee.

[Marked to be reported.]

*Attachment execution—Insurance companies—Service of process—Acts of April* 4, 1873, *and June* 20, 1883.

The act of June 20, 1883, P. L. 134, amending the act of April 4, 1873, P. L. 20, was intended to authorize service of an attachment execution on the state agent of a foreign insurance company, garnishee, whether the agent has his office in the county whence the writ issued or not.

For the purpose of being served with any writ, rule, order, notice or decree, authorized by the act, the state agent is pro hac the company itself and is to be constructively regarded as a resident of each and every county of the state.

The summons clause of an attachment execution is a " writ " within the meaning of the act.

*Constitutional law—Special legislation—Classification—Foreign insurance companies—Act of June* 20, 1883.

The act of June 20, 1883, P. L. 134, requiring foreign insurance companies to appoint a state agent on whom process may be served, is not open to the objection that it is special legislation and therefore unconstitutional.

Foreign insurance companies, licensed to transact business in this state, are essentially a distinct class of corporations justifying and requiring legislation appropriate to the class itself.

Argued Oct. 3, 1894. Appeal, No. 69, Oct. T., 1894, by plaintiff, from order of C. P. Westmoreland Co., May T., 1893, No. 670, striking off judgment. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Rule to strike off judgment. Before DOTY, P. J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was striking off judgment and setting aside service, quoting decree, writ, service and judgment.

*V. E. Williams, A. M. Sloan* and *W. A. Griffith* with him, for appellant.—The legislature may prescribe the conditions under which a foreign corporation may do business in this

state : Thorne v. Ins. Co., 80 Pa. 15 ; List v. Com., 118 Pa. 322 ; Germania Life Ins. Co. v. Com., 85 Pa. 513.

By the act of April 4, 1873, regulating the conduct of foreign insurance companies, service of process must be made upon the agent designated at his office or place of business : Liblong v. Ins. Co., 82 Pa. 413.

A writ of attachment execution is legal process, and within the contemplation of the act of April 4, 1873, § 13, P. L. 20, and June 20, 1883, P. L. 134. Process has been defined as "something issuing out of a court or from a judge, a writ of any nature : " 3 Bl. Com. 279 ; Anderson's L. Dict. ; Wray v. Tammany, 13 Pa. 393.

Cowden v. Bank, 7 W. & S. 432, was under the act of 1836, which required the garnishee to be summoned by the sheriff.

The act of 1873–83 is remedial and should receive a liberal construction, to effectuate the intention of its enactment.

If the service be regular, the judgment by default for want of an appearance is strictly in accordance with the adjudicated cases : Lyman v. Beam, 6 Whart. 181 ; Jones v. Tracy, 75 Pa. 417.

*J. R. Smith, John C. Robinson* with him, for appellee.—An attachment execution can only issue from the court of the county in which the garnishee resides : 1 T. & H. Pr. § 1180 ; Cowden v. West Branch Bank, 7 W. & S. 432.

While the act of 1883 seems general and comprehensive in its terms it is limited to actions wherein there is a contractual relation existing between the parties.

Attachment execution is a process, but it is not strictly a writ ; and it is in no sense a " rule, order, notice or decree." It is a process of execution to enforce a judgment.

As the act of June 20, 1883, does not repeal § 36 of the act of 1836, by express words or language, it cannot repeal it by implication, for the reason that the constitution of 1874 requires the act, or the part of the act to be amended, to be recited in full in the amendment.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 7, 1895 :

Judgment was obtained in the court below by the plaintiff against Charles Haney, whose dwelling house was covered by

a fire insurance policy of the Agricultural Insurance Company of Watertown, New York, the defendant above named. Shortly afterwards the house was totally destroyed by fire, and thereupon the plaintiff issued an attachment execution on the judgment and caused the same to be served on Frederick Theis, the designated state agent of the insurance company, at his office in the city of Wilkes-Barre, Pa. The attachment was served personally on said agent by the sheriff of Luzerne county who, for that purpose, was specially deputized by the sheriff of Westmoreland county to whom the same was directed. The writ, in usual form, after reciting the judgment of $400, etc., contains a clause of summons commanding said insurance company, garnishee, to be and appear etc. on the first Monday of May then next to show cause, if any it has, why the judgment aforesaid should not be levied of the effects of said defendant in its hands, agreeably to the acts of assembly, etc. Neither the insurance company nor its said agent appeared in person or by attorney, and on August 26th the court, being advised of the company's default, gave judgment against it in the form approved by this court in Lyman v. Beam, 6 Whart. 181, and Jones v. Tracey, 75 Pa. 417. Subsequently the defendant garnishee moved the court to strike off the last mentioned judgment, set aside the service of the attachment, etc., because; (*a*) " The court has no jurisdiction over the said garnishee ; " (*b*) " There is no act of assembly authorizing the issuing and serving of such writ, or requiring the insurance company to come into this court and make answer ; " (*c*) " The state agent of said insurance company does not reside within the county of Westmoreland ; " (*d*) " A person or corporation not a resident can only be attached in the county where it can be properly served ; " and (*e*) " The said service is illegal and void." The court, recognizing the reasons, thus assigned by the defendant garnishee, as sufficient, struck off the judgment entered against it in default of appearance, and set aside the service of the attachment execution. This action of the court is the subject of complaint in the specification of error.

The act of April 4, 1873, as amended by the act of June 20, 1883, declares : " No insurance company, not of this state, nor its agents, shall do business in this state, until it has filed with the insurance commissioner of this state a written stipulation,

duly authenticated by the company, agreeing that any legal process affecting the company, served on . . . . the agent specified by the company to receive service of process for said company, shall have the same effect as if served personally on the company within the state. . . . The term process shall be construed to mean and include any and every writ, rule, order, notice or decree, including any process of execution that may issue in or upon any action, suit or legal proceeding to which said company may be a party, by themselves, or jointly with others, whether the same shall arise upon a policy of insurance or otherwise, by or in any court of this commonwealth having jurisdiction of the subject-matter in controversy, and all writs, rules, orders, notices or decrees aforesaid shall be directed to the sheriff, constable or other officer, authorized by law to serve similar writs, of the county wherein the same shall be issued, who is hereby authorized to serve the same on any and every person or persons, body politic or corporate, named in said process with said company, either as plaintiff, defendant or otherwise, or who may be impleaded in said action, suit or proceeding with said company, found in said county . . . . as may be directed by the plaintiff or person issuing said process, or his attorney, and, in the absence of such direction, as shall be most convenient, the officer to whom said process may be directed, shall, by writing indorsed on or attached to said process, deputize the sheriff, constable or other officer of the county where the state agent, designated by any company, as provided by law, to receive service of process for said company, may reside, to serve the same on him; and each and every service, so made, shall have the same force and effect to all intents and purposes as a personal service on said company, in the county where said process issued."

While this act is somewhat involved and not as clearly expressed as it might have been, we think it was intended to authorize service of an attachment execution on the state agent of a foreign insurance company, garnishee, whether the agent has his office in the county whence the writ issued or not. In other words, we are of opinion that, in the circumstances of this case, the service of the writ, on the garnishee company's state agent, was made according to the provisions of the act, and its legal effect is the same as if it had been served personally on his principal, within this state. For the purpose of being served

with any " writ, rule, order, notice or decree, " authorized by the act, the state agent is pro hac the company itself, and is to be constructively regarded as a resident of each and every county in the state.

The act is not obnoxious to the objection that it is special legislation and therefore unconstitutional. Foreign insurance companies, licensed to transact business in this state, have always been considered and are in fact essentially a distinct class of corporations, justifying and requiring legislation appropriate to the class itself. If such companies, owing their existence to some authority outside and not having their principal offices within the state, are permitted to transact business here, it must necessarily be upon such terms and conditions as will enable the insurance department of the commonwealth to supervise their business operations, etc., and place them within easy and convenient reach of process at the suit of the commonwealth or any of its citizens. Hence the provision requiring them to appoint a state agent on whom " any and every writ, rule, order, notice or decree," etc., may be served with the " same effect as if served personally on the company within this state." The specified forms of process are very comprehensive. " Any and every writ" clearly comprehends an attachment execution, which is of a twofold nature. As to the defendant in the judgment on which it issues, it is a species of execution process; but as to the garnishee who becomes a party defendant therein, it is an original process—a summons commanding him to appear and show cause, if any he has, why judgment in favor of the plaintiff should not be levied of the goods and effects of the defendant in his hands. In form as well as in effect, the summons clause of an attachment execution, required to be served on the garnishee, is in every proper sense of the term a " writ," and therefore within the provisions of the act.

We are therefore of opinion that the learned president of the common pleas erred in holding " that the attachment execution was not properly served upon the garnishee."

The order of December 11, 1893, striking off "judgment" and setting aside " the service of the attachment execution upon said garnishee," is reversed and set aside, and said judgment and service are hereby reinstated, with costs to be paid by the garnishee defendant.