## Emma Werron v. Metropolitan Life Ins. Co., Appellants.

*Service of process—Foreign insurance company—Act of June 20, 1883.*

Suit may be brought against a foreign insurance company in any county in the commonwealth, and service made upon the duly authorized agent of the company in the county where the agent resides, under the act of June 20, 1883, P. L. 134.

Argued Nov. 12, 1894.   Appeal, No. 318, Oct. T., 1894, by defendant, from judgment of C. P. No. 1, Allegheny Co., on appeal from alderman.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Appeal from alderman, in suit on insurance policy.

The record showed that the suit was against a corporation of the state of New York, doing business in this state.   The summons was issued to a constable of Allegheny county who deputized a constable of Philadelphia to serve it upon the duly authorized agent of the company in Philadelphia.   The writ was returned served.   Defendant claimed that the record did not show any legal service, as the act of June 20, 1883, P. L. 134, was unconstitutional.   The court affirmed the judgment in an opinion by SLAGLE, J.

*Error assigned* was affirmance of judgment.

*W. K. Jennings*, for appellant, cited: Davis v. Clark, 106 Pa. 377; Wheeler v. Phila., 77 Pa. 338; Strine v. Foltz, 113 Pa. 349; Ins. Co. v. Duffy, 24 Pitts. L. J. 321; Craig v.

Church, 8 Pa. 42; Allegheny County Home's Case, 77 Pa. 77; Perkins v. Com'rs, 156 Pa. 544; R. R. v. Riblet, 66 Pa. 164; Brown's Est., 152 Pa. 401; Davey v. Ruffel, 162 Pa. 443.

*G. W. Brown* and *H. D. Rankin*, for appellee, not heard, cited: Weiman v. Ry., 118 Pa. 192; Parkinson v. Maryland, 14 Md. 184; Sharp v. Mayor, 31 Pa. 572; Montclair v. Ramsdell, 107 U. S. 155; Mayer's Petition, 50 N. Y. 504; Mahomet v. Quackenbush, 117 U. S. 508; Boro. v. Sholes, 118 Pa. 165; Pierie v. Phila., 139 Pa. 573; Com. v. Franz, 135 Pa. 389.

PER CURIAM, Jan. 7, 1895:

There appears to be no error in this case that requires correction. The questions involved—so far as they are material, or require discussion—are substantially the same as those presented and disposed of in Kennedy v. Agricultural Insurance Company, No. 69 of this term [165 Pa. 179].

For reasons given in opinion just filed in that case, neither of the assignments of error in this is sustained.

Judgment affirmed.