# Carr *v.* Ætna Accident & Liability Company, Appellant.

*Practice, C. P.—Service of process—Foreign insurance companies —Insurance commissioner.*

A judgment entered in default of an appearance cannot be sustained where the sheriff's return merely shows service at an undesignated place on one described as "Assistant Manager" of defendant, a registered foreign insurance corporation, which had designated the insurance commissioner as its agent for service of process, under the provisions of an Act of June 1, 1911, P. L. 607.

344 CARR v. ÆTNA A. & LIABILITY CO., Appellant.

*Constitutional law—Statutes—Title of act—Foreign insurance companies—Service of process—Act of June 1, 1911, P. L. 607.*

The Act of June 1, 1911, P. L. 607, entitled "An act to establish an insurance department authorizing the appointment of an insurance commissioner, and prescribing his duties, and also providing for the......regulation and dissolution of insurance and surety companies......and repealing all existing acts" is constitutional, and its title is sufficient to give notice of the appointment of the insurance commissioner as an attorney upon whom process may be served.

Argued April 19, 1916. Appeal, No. 60, April T., 1916, by defendant, from order of C. P. Allegheny Co., July T., 1915, No. 1325, reversing order of county court making absolute rule to strike off service of summons and vacate judgment in case of W. Murray Carr v. The Ætna Accident & Liability Company. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Rule in county court to strike off service of summons and vacate judgment entered for want of an appearance.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order reversing order of county court making absolute rule to strike off service of summons and vacate judgment.

*John M. Reed,* with him *Dalzell, Fisher & Hawkins,* for appellant.—The Act of June 1, 1911, P. L. 607, is constitutional, and provides an exclusive method for the service of summons upon foreign insurance corporations: Liblong v. Kansas F. Ins. Co., 82 Pa. 413; Meyers v. Metropolitan L. Ins. Co., 22 Dist. Rep. 1046.

The title to the Act of 1911 is sufficient: Liblong v. Kansas F. Ins. Co., 82 Pa. 413; Kennedy v. Agricultural Ins. Co., 165 Pa. 179; Werron v. Metropolitan Life Ins. Co., 166 Pa. 112; Blood v. Mercelliott, 53 Pa. 391; Commonwealth v. Taylor, 159 Pa. 451; Commonwealth v. Keystone Benefit Association, 171 Pa. 465.

*Arthur E. Young,* for appellee.—The Act of June 1, 1911, P. L. 607, is unconstitutional in so far as it attempts to change the method of service of process upon foreign insurance companies: Locomobile Co. v. Malone, 63 P. L. J. 179; Stegmaier v. Jones, 203 Pa. 47.

The sheriff's return, in view of the contents of the petition and answer upon which the case was heard, was sufficient under either the Service Act of March 21, 1849, P. L. 216, or the Act of April 22, 1909, P. L. 120: Park Bros. & Co. v. Oil City Boiler Works, 204 Pa. 453.

OPINION BY KEPHART, J., July 18, 1916:

The defendant is a foreign corporation, duly registered under the Act of June 1, 1911, P. L. 607, and appointed, as provided by the act, the insurance commissioner as its attorney and authorized agent upon whom service of process might be made.    Plaintiff's summons was served in the following manner: "Served the within writ and copy of plaintiff's statement February 17, 1915, by handing a true and attested copy thereof to R. A. S. Pollock, assistant manager.    The Ætna Accident and Liability Company, a corporation, defendant, and making known to him the contents personally."    It was held by the court below that the section of the Act of 1911, providing for the service of process, was unconstitutional, and that the service was good under the Act of April 22, 1909, P. L. 120.

Section 5, Article XVI, of the Constitution of 1874, provides that "no foreign corporation can do any business in this State without having one or more known places of business and an authorized agent or agents in the same upon whom process may be served."    The Act of 1911, in requiring the insurance commissioner to be named as the authorized agent upon whom service could be made, carries into effect this constitutional provision. It has been held that the appointment of the secretary of the Commonwealth as the authorized agent for a foreign corporation, which had a place of business established in

Pittsburgh, was a compliance with the Act of April 22, 1874, P. L. 108, which act was passed to carry into effect this section of the Constitution: Dunbar Furnace Co v. P. R. R., 237 Pa. 192. The authorized agent need not be in or connected with the place of business established but could be an officer in the secretary of the Commonwealth's office. The Act of April 22, 1874, as it related to foreign insurance companies, was repealed by the Act of 1911. It would appear that there is no act to carry into effect the provision requiring a place of business to be established for foreign insurance companies. This is as obligatory on the corporation as the appointing of an authorized agent: De La Vergne, Etc., Co. v. Kolischer, 214 Pa. 400. This section of Article XVI applies, without further legislation, to all foreign corporations. It is self-explanatory and established a specific regulation which did not necessitate any further act to cause it to be effective: Pierce v. Commonwealth, 104 Pa. 150. The plaintiff's answer establishes the fact that the defendant maintained an office in the City of Pittsburgh for the transaction of business, which was its own and chief place of business. The defendant then has complied with Section 5, Article XVI, of the Constitution: Dunbar Co. v. P. R. R., supra.

The title of the Act of 1911 reads: "An act to establish an insurance department, authorizing the appointment of an insurance commissioner, and prescribing his powers and duties; also providing for the.......regulation and dissolution of insurance and surety companies ......and repealing all existing acts." Does the title violate Section 3, Article III, of the Constitution? "Foreign insurance companies, licensed to transact business in this State, have always been considered and are in fact essentially a distinct class of corporations, justifying and requiring legislation appropriate to the class itself": Kennedy v. Insurance Co., 165 Pa. 179. An insurance department was first created by the Act of April 4, 1873, P. L. 20. This act was amended by the Act of

June 20, 1883, P. L. 134. Section 13 of these acts provided for the service of process on foreign insurance companies. It was early held that service of process on foreign insurance companies could only be made by the method provided in these acts, and that such method was exclusive: Liblong v. Kansas Fire Ins. Co., 82 Pa. 413; Kennedy v. Insurance Co., supra; Werron v. Metropolitan Life Insurance Co., 166 Pa. 112. See Judge THAYER'S opinion in Busch v. World Mut. Benefit Association, 4 D. R. 175. It is urged that the service could be had under the Act of March 21, 1849, P. L. 216, relating to service on foreign corporations. The Act of 1873 repealed the Act of 1849, as it related to foreign insurance companies, and this class of corporations was excluded from service under the Act of 1849, except where they failed to comply with the provisions of the Acts of 1873 and 1883: Liblong v. Kansas Fire Ins. Co., supra; Kennedy v. Insurance Co., supra; Werron v. Metropolitan Life Ins. Co., supra. As to unregistered companies or companies illegally transacting business, service could be made on any person lawfully an agent of the company: Hagerman, et al., v. Empire Slate Co., 97 Pa. 534. The Acts of July 9, 1901, P. L. 614, and April 3, 1903, P. L. 139, did not interfere with the exclusive method of service on foreign insurance companies under the Acts of 1873 and 1883. When Section 10, of the Act of 1911, reenacted Section 13 of the two earlier acts, the law as it then existed as to the exclusive method of service was continued into the Act of 1911 by the express language of that act. Section 34 of the Act of 1911 provides that "the provisions of this act so far as they are the same as those of existing laws shall be construed as a continuation of such laws, and not new enactments." This is declaratory of the law as it exists with respect to continuing legislation.

Prior to the Act of 1911, excluding the Act of 1909, service on foreign insurance companies must be made under the Acts of 1873 and 1883. The legislature placed

such concerns in a special class and the Constitution stipulated a part of the terms and conditions under which they might transact business in the State.    The section of the Act of 1911, controlling the right to do business and the service of process, provides: Section 10. No insurance company of any other state or foreign government shall be admitted and authorized to do business until......." Here follows three paragraphs specifying the requirements, the third of which provides for the appointment of the commissioner as an attorney upon whom lawful process in any action may be served, etc. No change was made in the method of service as it existed prior to the passage of this act, with the exception that it had the effect of making the method pointed out by the Constitution exclusive, and it in terms repealed or modified the Act of 1909, as to foreign insurance companies, in the same manner as the Act of 1849 was repealed or modified by the Acts of 1873 and 1883.    These two latter acts were held constitutional in Kennedy v. Insurance Co., supra, and Werron v. Metropolitan Life Ins. Co., supra.    Ordinarily the business of the courts and the procedure employed to transact such business is an independent matter for legislative consideration, and any legislative change in such procedure should be accompanied by a sufficient notice.    It is not a mere matter of detail to be attached to any act legislating for some object properly within a special class, but when due regard is given the constitutional provision covering the right of these companies to do business in this State, aiming, as it does, directly at the service of process, this much of the procedure may be taken as a part of their business regulation.    It is difficult to formulate a rule which might govern the specialization to be given the title of an act of assembly so that it might not meet the objection based on the Constitution: Road in Phœnixville, 109 Pa. 44.    Mr. Justice MITCHELL states, in In re Sugar Notch Borough, 192 Pa. 349 (356): "The restrictions of the Constitution upon legislation apply

to direct legislation, not to the incidental operation of statutes constitutional in themselves upon other subjects than those with which they directly deal": Allentown v. Wagner, 214 Pa. 210 (213). Mr. Justice STEWART, in Leinbach's Est., 241 Pa. 32, reviews many of the general principles controlling this question and states that "the purpose of the requirement was to reform a legislative practice which had theretofore prevailed of passing enactments under titles which, because of the generality of the words used therein, gave not even a hint of the subject legislated upon, and so far correct the practice that the title of the act thereafter should be so indicative of the subject of the act as to lead to inquiry and not mislead and entrap. See Commonwealth v. Thomas, 248 Pa. 256. It has been stated that the evident purpose in placing these restrictions in the Constitution was to prevent fraud or deception and courts should not strike down an act of assembly where the matter complained of was not "really within the evil prohibited though the form may have the appearance of coming within the literal words of the Constitution." Or, in other words, unless a substantive matter, entirely disconnected with the named legislation, is included within the folds of the bill, the act should not be declared as a violation of the Constitution by reason of its title offending Section 3, of Article III.

The purpose of the act and the regulation contemplated by the Act of 1911 was regulation for all purposes affecting these companies. The notice given that all existing acts were repealed should immediately convey to the reader the thought that prior insurance acts, relative to service of process on foreign insurance companies, had been repealed and an investigation of the act would show that a method had been provided for service on such companies. We feel, therefore, considering the subject of the legislation, the terms under which these concerns may transact business, and the laws that existed concerning service before the Act of 1911, that the

title was comprehensive enough to include the service of process, that the act is constitutional, and provides a simple, safe and adequate method for service of process on these companies. The service of process in this case should have been made on the insurance commissioner. This is the established practice in the State, and if the act were declared unconstitutional, the service portion of the Acts of 1873 and 1883 would survive and under those acts the service in this case would not be valid, nor would it be under the Act of 1909. It is, however, expressly repealed by the Act of 1911. Attention is called to the Act of April 9, 1915, P. L. 48, relative to this subject.

The decree of the court below is reversed and the judgment of the county court is reinstated at the cost of the appellee.