## Goldstein, for use, *v.* Penny et al.
## (Gross, Appellant).

Argued October 8, 1937. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John D. Ray*, with him *Lynn R. Pettler*, of *Ray & Pettler*, and *Leonard L. Ewing*, for appellant.

*Clyde Holt*, with him *A. G. Helbling* and *Richard H. West*, for appellee.

OPINION BY MR. JUSTICE LINN, November 12, 1937:

H. L. Goldstein, having judgment against W. M. Penny, issued attachment execution, garnisheeing W. H. Gross and David Rosenblatt as parties indebted to Penny. The garnishees in their answers to interrogatories denied the indebtedness, but the jury found against both. Judgments were entered (1) against Gross on the verdict, and (2) in favor of Rosenblatt notwithstanding the verdict. Gross appeals from the judgment against him.

The Act of June 16, 1836, P. L. 755, section 22, 12 PS section 2113, provides for the attachment of debts. The proceeding, though instituted by Goldstein, is considered as it would have been if Penny had brought a suit against Gross and Rosenblatt to recover his debt for the account or use of Goldstein; Goldstein stood in Penny's

place in asserting Penny's right against his debtors: cf. *Aarons v. Public Service Building & Loan Assn.,* 318 Pa. 113, 178 A. 141.

Appellant complains of the admission of oral evidence that Gross had agreed with Penny to pay a balance due on Penny's note then held by the Ambridge Savings & Trust Company and afterward taken up by the endorser, Goldstein, the attaching creditor. The ground of objection was that the transaction between Penny and Gross had been put in writing and that the oral evidence offered, if accepted, would vary the written contract without showing that anything was omitted by fraud, accident or mistake.

The writing was a bill of sale in which the vendor was the Penny Furniture Company, a partnership engaged in business in Ambridge, and composed of W. M. Penny and B. B. Gross, who was the wife of W. H. Gross (garnishee-appellant). The vendees were Gross and Rosenblatt. The evidence is that while Mrs. Gross was Penny's partner, she did not participate in the business management; that her husband acted for her; we need not inquire whether he was in fact Penny's partner. In Beaver Falls, Gross and Rosenblatt were partners, trading as the G. & R. Furniture Company. When the Penny Furniture Company was formed, Mrs. Gross contributed a stock of furniture valued at $5,000 and Penny contributed $5,000 cash. This cash he obtained from the Ambridge Savings & Trust Company on his note endorsed by Goldstein. Penny paid $1,000 on the note. It was renewed for $4,000 endorsed by Goldstein and Gross.

On or about May 27, 1931, the business of the Penny Furniture Company had failed to such extent that it could not go on. Gross who had represented his wife in the management of the Penny Furniture Company, then arranged on behalf of himself and Rosenblatt to purchase from Penny and Mrs. Gross all its assets. The bill of sale recited that the purchase was made "for and in consideration of the sum of One and no/100 ($1.00)

Dollars, and other good and valuable considerations to us in hand paid, receipt whereof is hereby acknowledged . . . ." and also: "As part consideration of the foregoing assignment and sale the said Walter H. Gross and David Rosenblatt hereby assume and agree to pay all outstanding business obligations and indebtedness contracted and now owing by the said Penny Furniture Company."

At the trial a number of witnesses testified that a part of the consideration for the sale was that the vendees should pay the balance due by Penny on his note. The jury was instructed that if they found that to be a fact they could find a verdict for the attaching creditor. The judgment for Rosenblatt n. o. v. was entered on the ground that there was no evidence that he had authorized Gross to agree on his behalf to pay Penny's debt; no appeal was taken from that conclusion.

We think the oral evidence was admissible. The nature of attachment execution requires the admissibility of evidence to be considered as if the suit were between the original parties to the contract, with Penny (whose right Goldstein asserts) on the one side, and Gross (indebted to Penny) on the other. The writing deals in express terms with partnership affairs, but the parties specified that the entire consideration was not recited. Appellee contends that the part not particularly specified was Gross's promise to Penny to discharge the note-debt. In *Gianni v. Russell*, 281 Pa. 320, 126 A. 791, it was held that a lease of premises to be used "only for the sale of fruit, candy, soda water," etc., but not for the sale of tobacco, could not be enlarged by oral evidence to give "the exclusive right to sell soft drinks in the building" of which the demised premises were part. It was said that if what was written and what was proposed to be added by parol were "so interrelated that both would be executed at the same time, and in the same contract, the scope of the subsidiary agreement [that lying in parol] must be taken to be covered by the

writing. This question must be determined by the court." Applying that rule, we think the evidence was admissible to show what the additional consideration was, the parties themselves having agreed in the writing that they had stated only part of their undertaking: *Cridge's Estate,* 289 Pa. 331, 338, 137 A. 455.

Judgment affirmed.