## Gruninger, Trustee, v. Gruninger et al.

*Frederick C. Fuges*, for plaintiff.
*Shields, Clark, Brown & McCown*, for defendants.

ROSEN, J., March 20, 1940.—This is a petition by the garnishee for an interpleader. Two attachments were

issued in this case against the same garnishee, petitioner herein. The first attachment issued on May 26, 1936, and a judgment obtained thereon was satisfied on January 12, 1937, by an order executed by counsel for plaintiff and counsel for the garnishee stipulating that the attachment should remain in full force and effect. The second attachment issued on April 20, 1939, and subsequently interrogatories were filed by the attaching creditor.

We discharged a rule to strike off these interrogatories because we were of the opinion that the interrogatories applied to the second writ of attachment. The satisfaction of the judgment obtained upon the first writ of attachment put an end to that action. An attachment sur judgment is in effect a suit against the garnishee by the judgment debtor to the use of the attaching creditor: Koenig v. Curran's Restaurant & Baking Co. et al., 121 Pa. Superior Ct. 201; Collins v. O'Donnell et al., 325 Pa. 366; Goldstein, for use, v. Penny et al., 328 Pa. 78. There can be only one final judgment in any action, and a judgment is the end of the law: 33 C. J. 1051 §2. The judgment entered on the first attachment was a final determination of the suit then pending against the garnishee which could not be kept alive by a stipulation of counsel. The attaching creditor has, as against the garnishee, only such rights as it acquired by the second attachment, which is, of course, subject to any prior valid assignment of the fund in question.

Petitioner alleges that on July 22, 1938, subsequent to the satisfaction of the judgment on the first attachment and prior to the issuance of the second attachment, a written assignment was made by defendant of his interest in the property in question to one Andrew J. Lenz. The garnishee also alleges that it has in its possession the sum of $213.62 belonging to defendant John William Gruninger, in addition to which he is entitled to a one-third interest in certain unliquidated securities. The garnishee also asks leave to pay the said sum of $213.62

into court, less counsel fee and costs, and to be relieved of further liability with respect to the fund, and requests that the attaching creditor and the said Andrew J. Lenz interplead to determine who is entitled to the fund.

It is unnecessary to decide whether a garnishee could interplead rival claimants to the fund under the Interpleader Act of March 11, 1836, P. L. 76. We are of the opinion that he does have such right under the new Rules of Civil Procedure. The note to Rule 2302 states that under said rule "interpleader is available in any action regardless of its nature", and specifically lists attachment execution as being one of the actions in which interpleader is available.

Under the new Rules of Civil Procedure relating to interpleader by defendants, being Rules 2301 to 2325, the parties interpleaded are coplaintiffs against the petitioner in the interpleader, who is the defendant. See note to Rule 2304. It is no longer essential that petitioner shall disclaim all interest in the fund or that he shall bring all of the fund into court. The court has wide powers to make suitable orders for the payment or delivery of the property which is the subject of the interpleader proceedings. See Rule 2307.

The second attachment bound all of the fund in the hands of the garnishee in which defendant has an interest. The garnishee in this case is unable to pay into court all of this property because part of the fund consists of unliquidated securities in which defendant has only a one-third interest. The garnishee cannot be relieved from liability under the attachment, as it requests in its petition, by paying into court the cash which it has on hand, it being only a portion of the property subject to the attachment. No good purpose would be served by requiring the garnishee in this case to pay the cash into court. The interests of all parties will be conserved by allowing the garnishee to retain all of the fund in its possession and not pay any portion of it either to defendant in the attachment or any other person until further order

of this court. This court has the power to make such an order under Rule 2307, in the note to which it is stated:

"The discretion vested in the court to make such order as may be deemed just under the circumstances will permit it to allow the defendant to retain possession of the disclaimed money or property until the right of one of the claimants has been established if such a course would be just."

Though the petition was not drawn in conformity with the new rules we have considered it as if it were.

We, therefore, enter the following:

### Decree

And now, to wit, March 20, 1940, upon consideration of the petition for interpleader filed by National Bank of Germantown & Trust Company, trustee of the estate of Pauline Mursett, garnishee, it is ordered, adjudged, and decreed that:

1. The said National Bank of Germantown & Trust Company, trustee of the estate of Pauline Mursett, garnishee, is hereby directed to retain in its possession, until further order of this court, the funds set forth in paragraph six of its petition for interpleader or the proceeds thereof which may hereafter come into its hands.

2. Andrew J. Lenz, assignee of defendant John William Gruninger, is added to the record as a party plaintiff and enjoined from commencing or further prosecuting any action in any court against National Bank of Germantown & Trust Company, trustee of the estate of Pauline Mursett, to enforce in whole or in part any claim against it set forth in said petition, except as a party to the above-entitled action.

Now, therefore, we command you, the Sheriff of the County of Philadelphia, to direct claimant, Andrew J. Lenz, 634 Solly Avenue, Fox Chase, Philadelphia, Pa., to file in the above-entitled action a complaint within 20 days after being served with copies of the petition for interpleader and this order and all pleadings heretofore

filed in the above-entitled action if said service was made within your county, or within 30 days of said service if said service was made within any other county of this Commonwealth.