436 A.2d 206

**Anthony BIANCO, Appellant,**

v.

**CONCEPTS "100", INC.**

**Formost Insurance Co., Garnishee.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1980.

Filed Oct. 9, 1981.

Petition for Allowance of Appeal Denied Jan. 26, 1982.

460

Daniel L. Thistle, Philadelphia, for appellant.

Judith B. Reap, Philadelphia, for participating party.

Before SPAETH, BROSKY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends in the present attachment execution proceedings that the lower court erred in concluding that it lacked jurisdiction over appellee, a foreign insurance company authorized to do business in Pennsylvania. We agree and, accordingly, reverse the order of the court below and remand for further proceedings.

I.

On January 14, 1977, appellant commenced an action in trespass against a local retail establishment and appellee's insured, Concepts "100", Inc. (hereinafter Concepts), a now-defunct New York corporation then doing business in Penn-

sylvania.[1] Appellant alleged that he had been injured due to a defect in a hair dryer manufactured by Concepts and purchased by him in Philadelphia. Pursuant to its contractual obligation, appellee undertook Concepts' defense, instructing its local counsel to enter an appearance and answer appellant's complaint on Concepts' behalf. Because of Concepts' recalcitrance, however, appellee, relying upon a condition in its policy, withdrew its representation of Concepts and disclaimed coverage for appellant's cause of action. Appellant obtained a $700,000 judgment against Concepts on November 5, 1979. On December 12, 1979, appellant commenced execution proceedings by filing a writ of execution and interrogatories in attachment against appellee as garnishee pursuant to Pa.R.Civ.P. 3101–3149. Appellee thereafter filed preliminary objections to the interrogatories in which it asserted, *inter alia*, that the courts of Pennsylvania lacked jurisdiction over it. *See* Pa.R.Civ.P. 3142(a), (c) (a garnishee must raise a question of jurisdiction by filing preliminary objections before entering an appearance or answering interrogatories). Appellee asserted that our courts lacked jurisdiction because it is a Michigan insurance company having no property in Pennsylvania, and because it had issued the relevant policy in New York to a New York corporation. Appellant responded that appellee had breached its contractual duty to defend and/or indemnify Concepts and, therefore, was subject to garnishment in Pennsylvania. On April 18, 1980, the lower court sustained appellee's preliminary objection as to jurisdiction and ordered the writ of execution stricken.[2] Appellant subsequently petitioned for reconsideration on the ground that appellee was subject to jurisdiction as a foreign insurance company authorized to do business in Pennsylvania for the last twenty-three years.

1. During all relevant times, appellee was Concepts' products liability insurer pursuant to a policy which provided coverage of $500,000.

2. The lower court concluded that appellee had neither contracted to insure a risk in Pennsylvania at the time of contracting, *see* 42 Pa.C.S.A. § 5322(a)(6), nor had it possessed the requisite minimum contact with the forum state to make the exercise of jurisdiction reasonable, *see id.* § 5322(b); *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.*, 228 Pa.Super. 12, 323 A.2d 11 (1974).

On July 8, 1980, the lower court affirmed its earlier order, reasoning that although appellee was indeed subject to *in personam* jurisdiction, our courts lacked jurisdiction over it in the present garnishment proceedings because such proceedings are *in rem* in nature and appellee had no property within the territorial reach of Pennsylvania process.[3] This appeal followed.

## II.

It is well settled that garnishment, or attachment execution as it was formerly known, is a viable remedy for a judgment creditor to collect its judgment from the judgment debtor's insurer. In *Helms v. Chandler*, 423 Pa. 77, 80, 223 A.2d 30, 31 (1976), our Supreme Court stated:

> In a motor vehicle trespass action resulting in a judgment against an insured defendant, execution against the defendant's insurer as garnishee has long been recognized under prior practice and under the Rules of Civil Procedure as a means of satisfying plaintiff's judgment. The defendant insurer is a garnishee within the meaning of Rule 3101(b) defining a garnishee. Service of the writ of execution under Rule 3111 constitutes the attachment. The interrogatories under Rule 3144 are "directed to the garnishee respecting property of the defendant in his possession". The form of interrogatories is set forth in Rule 3253. In the case of an insurer garnishee the standard form of interrogatories must be supplemented by additional appropriate interrogatories directed toward the existence of the insurance policy, the coverage and its terms.

*See also Ryan v. Furey*, 437 Pa. 96, 262 A.2d 305 (1969); *Paul v. Dwyer*, 410 Pa. 229, 188 A.2d 753 (1963); *Dariano v. Blocksom*, 389 Pa. 96, 132 A.2d 186 (1957); *Vrabel v. Scholler*, 369 Pa. 235, 85 A.2d 858 (1952); *Renschler v. Pizano*, 329

---

**3.** Because the lower court held that it lacked jurisdiction, it had no occasion to address appellee's remaining preliminary objections. Because we conclude that appellee is subject to garnishment in Pennsylvania, we reverse the lower court. On remand, the lower court should first entertain appellee's remaining preliminary objections.

Pa. 249, 198 A. 33 (1942); *Collins v. O'Donnell,* 325 Pa. 366, 191 A. 22 (1937); *Zenner v. Goetz,* 324 Pa. 432, 188 A. 124 (1936); *Jennison v. Aacher,* 201 Pa.Super. 583, 193 A.2d 769 (1963); *Koenig v. Curran's Restaurant & Baking Co.,* 121 Pa.Super. 201, 183 A. 451 (1936); *Shaffer v. Hebenstreit,* 119 Pa.Super. 159, 180 A. 725 (1935); *Johnson v. Hermann,* 101 Pa.Super. 198 (1930); *Bank of New Bethlehem ex rel. Maikranz v. Maikranz,* 44 Pa.Super. 225 (1910). *See generally* 1 A. Goldin, The Law of Insurance in Pennsylvania, ¶ 644 (2d ed. 1946); 9 Goodrich-Amram 2d § 3111(b):3.4 (1977); 18 G. Couch, Insurance 2d §§ 74:83 to 74:114 (1968). The insurer's liability *qua* garnishee is based upon its breach of the insurance contract with the judgment debtor, *Ryan v. Furey, supra,* 437 Pa. at 103, 262 A.2d at 309, and the attachment execution operates as an equitable assignment to the judgment creditor of the judgment debtor's claim against the garnishee. *See Boyd Estate,* 394 Pa. 225, 242, 146 A.2d 816, 824 (1959); *Tremont Township School District v. Western Anthracite Coal Co.,* 381 Pa. 276, 281, 113 A.2d 234, 237 (1955); *Goldstein v. Penny,* 328 Pa. 78, 79 80, 195 A. 27, 28 (1937); *Mignatti v. General Mortgage Financing Corp.,* 325 Pa. 113, 116, 189 A. 296, 297 (1937); *Joseph Melnick Building & Loan Assoc. v. Melnick,* 318 Pa. 120, 122, 178 A. 144, 145 (1935); *Aarons v. Public Service Building & Loan Assoc.,* 318 Pa. 113, 117, 178 A. 141, 142 (1935); *Wheatcroft v. Smith,* 239 Pa.Super. 27, 32, 362 A.2d 416, 419 (1976) (plurality opinion); *Folmar v. Shaffer,* 232 Pa.Super. 22, 24–25, 332 A.2d 821, 823 (1974); *Trainer Estate,* 166 Pa.Super. 472, 475, 71 A.2d 833, 834 (1950); *LaBarre v. Doney,* 53 Pa.Super. 435, 438 (1913); *Almi, Inc. v. Dick Corp.,* 31 Pa.Cmwlth. 26, 34, 35–36, 375 A.2d 1343, 1348, 1349 (1977).

[A]s to the [garnishee, attachment execution] is the beginning of a new proceeding. By it this garnishee [is] brought into a court having complete jurisdiction to determine what, if anything, it owed to the defendant upon its policy of insurance. When thus brought into court it possessed every right of defense that it would have had to a common-law action brought by the assured directly on the policy. True, the proceeding was not instituted by the

assured in person but by one who had become clothed, by force [of law], with every right which the assured himself could assert.

*Bank of New Bethlehem ex rel. Maikranz v. Maikranz, supra* at 227. This remedy has, historically, been extended to reach foreign insurers doing business, or authorized to do business, in the Commonwealth. *See id.* at 227–28. *See also Werron v. Metropolitan Life Ins. Co.,* 166 Pa. 112, 30 A. 1008 (1895); *Kennedy v. Agricultural Ins. Co. of Watertown,* 165 Pa. 179, 30 A. 724 (1895); *Barr ex rel. Berst v. King,* 96 Pa. (15 Norris) 485 (1880). However, merely to acknowledge the existence of the remedy does not answer the question before us, namely whether the lower court erred in concluding that it lacked jurisdiction over appellee. To that question we now turn.

## III.

The lower court's conclusion that it lacked jurisdiction over appellee necessarily depended upon its determination that garnishment proceedings against insurance companies are *in rem* in nature. Our Supreme Court recognized that post-judgment garnishment proceedings are not wholly *in rem*:

"It is true that the attachment process in a proceeding *in rem,* but it is equally true that it is something more. It is also a proceeding against the garnishee *personally,* for the purpose of compelling him to answer for the value where the thing itself is not produced. The summons, the judgment, and execution contain the bones and sinews of a proceeding *in personam* against the garnishee." From this it is clear that the execution attachment is not solely a proceeding *in rem.*

*Breading v. Siegworth,* 29 Pa. (5 Casey) 396, 399 (1857), quoting *Childs & Co. v. Digby,* 24 Pa. (12 Harris) 23, 26 (1854). *Accord, Koenig v. Curran's Restaurant & Baking Co., supra,* 121 Pa.Super. at 207, 183 A. at 453; *Bank of New Bethlehem ex rel. Maikranz v. Maikranz, supra* at 227. The issues presented in such proceedings and the intangible

nature of the garnishable res further demonstrate that post-judgment garnishment of an insurer is a species of *in personam* actions. Because a judgment creditor necessarily claims through his judgment debtor, garnishment becomes a "lawsuit within a lawsuit," 9 Goodrich-Amram 2d § 3144(a):1 (1977), wherein the judgment creditor must establish the existence of: (1) his judgment, which operates as the assignment to him of the judgment debtor's claims, *see, e. g., Ryan v. Furey, supra; Boyd Estate, supra; Goldstein v. Penny, supra; Trainer Estate, supra*; and (2) the insurer's obligation to the judgment debtor, *see Wheatcroft v. Smith, supra*, by proving the existence of the policy providing liability coverage for his claim, *see, e. g., Ryan v. Furey, supra*, and its value, *Vrabel v. Scholler, supra* 369 Pa. at 244, 85 A.2d at 862. If the insurer relies upon an exclusion or a breach of a condition as a defense, it bears the burden of establishing that defense. *See, e. g., Ryan v. Furey, supra* (exclusion); *Jennison v. Aacher, supra* (breach of condition as to cooperation by insured); *Shaffer v. Hebenstreit, supra* (exclusion). Moreover, because the garnishable res is a contractual duty to defend and/or indemnify, it is an intangible asset of the judgment debtor which may be garnished only when the garnishee is subject to *in personam* jurisdiction. The Judicial Code states:

> The *tribunals of this Commonwealth shall have jurisdiction over obligations owed by persons who are subject to the jurisdiction of the tribunals of this Commonwealth* whether or not the persons to whom the obligations are owed are subject to the jurisdiction of the tribunals of this Commonwealth.

42 Pa.C.S.A. § 5306 (emphasis added). *See Wiener v. American Insurance Co. of Boston*, 224 Pa. 292, 297, 73 A. 443, 445 (1909); *Kennedy v. Agricultural Ins. Co. of Watertown, supra; Barr ex rel. Berst v. King, supra; Fithian v. New York & Erie Railroad Co.*, 31 Pa. (7 Casey) 114, 116 (1857); *Rex v. Paramount Rubber Co. of New Jersey*, 110 Pa.Super. 536, 538–39, 168 A. 366, 367–368 (1933); *Falk Co. v. American Railway Express Co.*, 79 Pa.Super. 99, 101–02 (1922);

*Wiener v. American Insurance Co. of Boston*, 39 Pa.Super. 219, 223–24 (1909). *See also* 18 G. Couch, *supra* § 74:84 ("With respect to jurisdiction over the insurer as garnishee, the criteria is the presence of the insurer within the state, making it amenable to the service of process, or the existence of an appointed or statutory agent qualified or authorized to receive service of process.") (footnote omitted). Accordingly, we hold that the lower court erred in applying principles of *in rem* jurisdiction.[4]

## IV.

Holding that the lower court improperly applied *in rem* standards does not end our jurisdictional inquiry, however. The lower court held, upon appellant's petition for reconsideration, that appellee would have been subject to *in personam* jurisdiction. Although our analysis of that issue is somewhat different from that of the lower court,[5] we do

---

**4.** It is appropriate, at this juncture, to distinguish pre-judgment garnishments or attachments which are utilized as a justification for the assertion of *quasi in rem* jurisdiction. *See* Pa.R.Civ.P. 2151–2179 (held unconstitutional in *Jonnet v. Dollar Savings Bank of New York*, 530 F.2d 1123 (3d Cir. 1976); *Schreiber v. Republic Intermodal Corp.*, 473 Pa. 614, 375 A.2d 1285 (1977) (applying *Jonnet* retroactively)). Such procedures have been recognized as a vehicle for coercing nonresidents to defend causes of action in the forum state or risk the loss of their property located there. *See Rush v. Savchuk*, 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980); *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). Such assertions of jurisdiction are now governed by the same principles of "minimum contacts," *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), as govern *in personam* proceedings against defendants who cannot be found within the forum state. *See Shaffer v. Heitner, supra* 433 U.S. at 212, 97 S.Ct. at 2584, 53 L.Ed.2d at 703.

We note, additionally, that because the present case does not rely upon appellee's presence in the forum state to sustain the cause of action against Concepts, appellee's reliance upon *Rush v. Savchuk*, *supra*, is totally inapposite.

**5.** As analyzed by the parties and decided in the court below, this case arguably involved various portions of the long-arm statute, 42 Pa.C. S.A. § 5322(a)(6)(i), (a)(9), (b), and (c). For a thorough analysis and application of our long-arm statute, *see, e. g., Kingsley & Keith (Canada) Ltd. v. Mercer, International Corp.*, 291 Pa.Super. 96, 435 A.2d 585 (1981) (opinion upon reconsideration); *Koenig v. International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths,*

agree that appellee would, indeed, be subject to *in personam* jurisdiction, and that assertion of jurisdiction would not offend due process.[6]

Section 5301 of the Judicial Code provides, in pertinent part:

(a) General rule.—The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise jurisdiction over such person ... and to enable such tribunals to render personal orders against such person ...:

. . . .

(2) Corporations.—

(i) Incorporation under or *qualification as a foreign corporation under the laws of the Commonwealth.*

(ii) *Consent, to the extent authorized by the consent.*

(iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

. . . .

(b) Scope of jurisdiction.—*When jurisdiction over a person is based upon this section any cause of action may be asserted against him, whether or not arising from acts enumerated in this section.* Discontinuance of the acts enumerated in subsection (a)(2)(i) and (iii) and (a)(3)(i) and (iii) shall not affect jurisdiction with respect to any act, transaction or omission occurring during the period such status existed.

42 Pa.C.S.A. § 5301(a)(2), (b) (emphasis added). The Act of May 17, 1921, P.L. 682, art. III, § 301, 40 P.S. § 421, establishes the criteria upon which foreign insurance companies become authorized to do business within the Commonwealth:

*Forgers & Helpers, AFL–CIO*, 284 Pa.Super. 558, 426 A.2d 635 (1980); *Proctor & Schwartz, Inc. v. Cleveland Lumber Co., supra.*

**6.** See *Gilbert v. Korvette's, Inc.*, 457 Pa. 602, 604 & n.4, 327 A.2d 94, 96 & n.4 (1974) (an appellate court "may ... affirm if any ground for affirmance exists"); *Kelmo Enterprises, Inc. v. Commercial Union Insurance Co.*, 285 Pa.Super. 13, 18 n.3, 426 A.2d 680, 682 n.3 (1981) (allocatur granted May 6, 1981).

Requisites for foreign companies to do business

No stock or mutual insurance company or association of any other State or foreign government shall be admitted and authorized to do business until:

(a) It has filed with the Insurance Commissioner a certified copy of its charter or deed of settlement, a statement of its financial condition and business, signed and sworn to by its proper officers, and copies of forms of all policies it proposes to issue in this Commonwealth, with such other information as he may require.

(b) It has satisfied the Insurance Commissioner that it is fully and legally organized under the laws of its State or government to do the business it proposes to transact. That it has, if a stock company, the requisite amount of capital fully paid up and unimpaired.

(c) It shall, by a duly executed instrument filed in his office, constitute and appoint the Insurance Commissioner or his successor its true and lawful attorney, upon whom all lawful processes in any action, rule, order, or legal proceeding against it may be served; and therein shall agree that any lawful process against it which may be served upon him as its said attorney shall be of the same force and validity as if served on the company, and that the authority thereof shall continue in force irrevocable so long as any liability of the company remains outstanding in this Commonwealth.

(d) It shall file in the office of the Auditor General a statement showing: (I) The name of the company or association; (II) the date of incorporation or organization; (III) the act of Assembly or authority under which incorporated or organized; (IV) the place of business; (V) the post office address and names of the president, secretary, and treasurer; (VI) the amount of capital authorized by its charter; and (VII) the amount of capital paid into the treasury of the company.

Any company or association which shall neglect or refuse to file such statement shall be subject to a penalty

of five hundred dollars ($500.00), which penalty shall be collected, on an account settled by the Auditor General and State Treasurer, in the same manner as taxes on stock are settled and collected.

When read together, these statutory provisions codify the principle that a foreign insurance corporation upon obtaining a certificate of authority to conduct its insurance business in the Commonwealth voluntarily subjects itself to the jurisdiction of our courts for "any cause of action [which] may be asserted against [it], whether or not arising from [the] acts enumerated in . . . section [5301(a)]," 42 Pa.C.S.A. § 5301(b). *See generally* 2 G. Couch, *supra* § 21:88; 1 A. Goldin, *supra* ¶ 149. Earlier versions of these statutes have been invoked to sustain post-judgment garnishment procedures against authorized foreign insurers. *See, e. g., Werron v. Metropolitan Life Ins. Co., supra; Kennedy v. Agricultural Ins. Co. of Watertown, supra; Barr ex rel. Berst v. King, supra; Bank of New Bethlehem ex rel. Maikranz v. Maikranz, supra. Cf. Fithian v. New York & Erie Railroad Co., supra* (foreign railroad corporation which accepted privilege of extending its lines through Pennsylvania and complied with statute requiring it to maintain an agent to accept service of process upon it here could be garnished for a debt owing to garnishor's judgment debtor). Appellant established that appellee had been authorized to do business here for the last twenty-three years. Consequently, appellee falls within the reach of Pennsylvania's jurisdictional statutes.

Section 5308 of the Judicial Code provides: "The tribunals of this Commonwealth may exercise jurisdiction under this subchapter [sections 5301 to 5308] only where the contact with this Commonwealth is sufficient under the Constitution of the United States." 42 Pa.C.S.A. § 5308. *Cf. Kingsley & Keith (Canada) Ltd. v. Mercer International Corp.,* 291 Pa.Super. 96, 99, 435 A.2d 585, 587 (1981) (opinion upon reconsideration) (jurisdiction predicated upon long-arm statute subject to limitation of due process clause of Fourteenth Amendment to the Federal Constitution);

*Koenig v. International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers, AFL—CIO,* 284 Pa.Super. 558, 567, 426 A.2d 635, 639 (1980). A state may constitutionally impose conditions upon foreign corporations seeking authorization to act in that state. In *Pennsylvania Fire Insurance Co. of Philadelphia v. Gold Issue Mining & Milling Co.,* 243 U.S. 93, 37 S.Ct. 344, 61 L.Ed. 610 (1917), the United States Supreme Court upheld a Missouri statute subjecting an authorized foreign insurer to the jurisdiction of its courts on a cause of action arising from a policy issued in Colorado to an Arizona corporation and insuring its property located in Colorado. The Court reasoned that the foreign insurer had consented to Missouri's assertion of jurisdiction by voluntarily complying with its statutes establishing the requirements to do business in Missouri. *Id.* at 95, 37 S.Ct. at 345, 61 L.Ed. at 616. *Accord, Neirbo Co. v. Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 175, 60 S.Ct. 153, 158, 84 L.Ed. 167, 174 (1939); *Louisville & Nashville Railroad Co. v. Chatters,* 279 U.S. 320, 325, 49 S.Ct. 329, 330, 73 L.Ed. 711, 716 (1929); *Robert Mitchell Furniture Co. v. Selden Breck Construction Co.,* 257 U.S. 213, 216, 42 S.Ct. 84, 85, 66 L.Ed. 201, 203 (1921); *Ex Parte Schollenberger,* 96 U.S. 369, 375–78, 24 L.Ed. 853, 854–55 (1878) (considering then-current Pennsylvania insurance statute); *Lafayette Insurance Co. v. French,* 59 U.S. (18 How.) 404, 407–09, 15 L.Ed. 451, 452–53 (1856). *See generally* 18 G. Couch, *supra* § 21:88. Accordingly, we conclude that assertion of *in personam* jurisdiction over appellee as an incident to its authorization to do business in Pennsylvania would not violate due process. *Cf. Kennedy v. Agricultural Ins. Co., supra; Barr ex rel. Berst v. King, supra* (upholding prior versions of authorization statutes in context of attachment execution proceedings against foreign insurance companies).

Because we have concluded that appellee is indeed subject to *in personam* jurisdiction, we reverse the order of the lower court and remand for proceedings consistent with this opinion.